148 So.2d 638

**Lenia D. BUTLER**

v.

**Ruth R. Clayton BUTLER.**

**3 Div. 925.**

Supreme Court of Alabama.

Jan. 10, 1963.

J. O. Sentell, Jr., and Herman B. Franco, Montgomery, for appellant.

Ramon L. Farnell, Montgomery, for appellee.

GOODWYN, Justice.

Appellee (the wife) was granted a divorce a vinculo matrimonii from appellant

on the ground of cruelty. The decree awarded her alimony in gross by vesting in her whatever interest appellant had in the premises where they were living at the time of their last separation. It was also decreed that "all household furniture, furnishings, and equipment" located in such premises, and an automobile in appellee's possession, were the property of appellee. A fee of $150 for appellee's solicitor was ordered paid by appellant.

Three points are argued: (1) The sufficiency of the evidence to support the divorce decree, (2) the excessiveness of the alimony award, and (3) the excessiveness of the solicitor's fee. Our conclusion is that none of these constitutes ground for reversal.

### (1)

While there is no evidence that appellant committed actual violence upon the person of appellee, attended with danger to her life or health, we think there is sufficient evidence from which the trial court could find that, from appellant's conduct, there was reasonable apprehension of such violence. Code 1940, Tit. 34, § 22, as amended by Act No. 487, appvd. Sept. 30, 1947, Gen. Acts 1947, p. 336. To be sure, from a consideration of all the evidence, taken ore tenus, we cannot say that the trial court's finding in this respect was plainly and palpably wrong. Burleson v. Burleson, 269 Ala. 637, 640, 114 So.2d 887; Hodges v. Beardsley, 269 Ala. 280, 284, 112 So.2d 482; George v. George, 255 Ala. 190, 193, 50 So.2d 744. The decree is entitled to the same weight as if it were a jury's verdict. Dorsey v. Dorsey, 259 Ala. 220, 225, 66 So.2d 135.

### (2)

The title to the parties' home, which cost about $5800, was taken in their joint names. The decree divested the husband's undivided one-half interest therein out of him and vested it in the wife. There was no other provision for alimony, although the wife prayed for an allowance of $100 per month. Neither party owned any other real estate. The wife had no separate estate, except for a 1954 automobile, given to her by her husband, and the household furniture, furnishings, and equipment which the trial court decreed to be her property. There is evidence that the husband owned equipment in connection with his business as a cabinet maker "which was worth Two Thousand Dollars if not more" and that he earned "around Four Hundred Dollars per month." On the other hand, appellant offered conflicting evidence to the effect that he was physically unable to earn a livelihood and had no property other than his one-half interest in the home. There were no children of the marriage, although the wife had a minor daughter by a former marriage who was living with her.

It is uncontradicted that the cash down payment on the home, approximating $3400, was made with funds belonging to the wife, the balance being secured by a mortgage; and that the mortgage was paid by the husband in monthly installments, a part of which came from the rent of an apartment in the house.

Under the facts and circumstances of this case, as disclosed by the evidence, the question of the amount of alimony was a matter which addressed itself to the wise and sound discretion of the trial court. Adams v. Adams, 229 Ala. 588, 591, 159 So. 80. There is no objection to making an allowance of alimony in gross. Frazier v. Frazier, 273 Ala. 53, 134 So.2d 205, 207; Wood v. Wood, 263 Ala. 384, 386, 82 So.2d 556; Roubicek v. Roubicek, 246 Ala. 442, 449, 21 So.2d 244; Smith v. Rogers, 215 Ala. 581, 112 So. 190. In the light of the rule of presumption in favor of the correctness of the trial court's conclusions from disputed issues of fact, the evidence having been taken ore tenus, we are unable to agree with appellant's insistence that the trial court abused its discretion in making the award of alimony.

**354**

(3)

The bill alleges that "the respondent is well able financially to pay her said solicitor a reasonable fee for his services in this cause." There is a prayer that the respondent be ordered to pay "a solicitor's fee for complainant's solicitor in the amount of $100.00." There is also a prayer for "such other, further and general relief as may be meet and proper in the premises." Appellant argues that the allowance of a solicitor's fee of $150.00 is excessive because it is "more than the amount sued for."

The allowance of a solicitor's fee to the wife in a divorce suit, in the absence of statute, is within the sound discretion of the trial court. Frazier v. Frazier, 273 Ala. 53, 134 So.2d 205, 209, supra; Ryan v. Ryan, 267 Ala. 677, 688, 104 So.2d 700; Steiner v. Steiner, 254 Ala. 260, 266, 48 So. 2d 184. We see no abuse of discretion in the allowance made. In fact, appellant makes no charge of abuse, but argues only that the allowance is more than that specifically prayed for. Aside from any other reason why the allowance should not be disturbed, it was proper to make the allowance in response to the prayer for general relief; the special prayer being disregarded. Northcutt v. Northcutt, 262 Ala. 98, 101, 77 So.2d 336; Staples v. Barret, 214 Ala. 680, 683, 108 So. 742, 46 A.L.R. 1084; Sharpe v. Miller, 157 Ala. 299, 303, 47 So. 701. "The rule is, that although the complainant may mistake the relief to which he is entitled in his special prayer, he can, under the general prayer, obtain the relief which is appropriate to the case made by the bill." May v. Lewis, 22 Ala. 646, 648.

No reversible error appearing, the decree appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.