159 So.2d 204

**Hope DAVENPORT**

v.

**Kathryn Low DAVENPORT.**

**Appeal from DeKalb Circuit Court.**

**7 Div. 593.**

Supreme Court of Alabama.

Dec. 20, 1963.

Beck & Beck, Fort Payne, for appellant.

Scott & Scott, Fort Payne, for appellee.

LIVINGSTON, Chief Justice.

Kathryn Low Davenport sued Hope Davenport for a divorce in the Circuit Court of DeKalb County, Alabama, in Equity. She prayed for a decree of divorce, a vinculo matrimonii, permanent alimony, and alimony pendente lite. She alleged cruelty and habitual drunkenness. Hope Davenport filed an answer which contained, in effect, a general denial and allegations that the appellee, the wife, was also an habitual drunkard. It is not clear from the answer whether the husband was attempting to contest the divorce or just the granting of alimony.

On January 8, 1962, on a sworn bill, the trial court instructed the register to "hold a reference to ascertain a reasonable alimony to be allowed the complainant for support and attorneys' fees to be paid pending the litigation in this case, and immediately report his finding to the court."

Such a reference was held, and on the 11th day of May, 1962, the register filed a report in which he set the attorneys' fees pendente lite at $200 and the temporary alimony at $100 per month.

An exception to this report of the register was filed by the husband, Hope Davenport, and an answer to the exception was filed by the wife. The record does not disclose either a ruling on the exception to the report of the register or the answer to the exception.

The cause was tried on depositions taken before the register, and on the 31st day of August, 1962, the trial court entered its decree, which in pertinent part, is as follows:

"IT IS THEREFORE CONSIDERED and is now and hereby ordered and decreed by the Court that the bonds of matrimony heretofore existing between the Complainant and the Respondent be, and the same are now and hereby forever dissolved, and that the said KATHRYN LOW DAVENPORT is forever divorced from the said HOPE DAVENPORT for and on account of cruelty.

"IT IS FURTHER ORDERED AND DECREED THAT HOPE DAVENPORT, the Respondent pay the costs herein to be taxed, including an attorneys' fee in the amount of THREE HUNDRED DOLLARS ($300.00) for Scott & Scott, the attorneys for the Complainant, which the Court finds to be reasonable under the circumstances of the present case.

"THE COURT HAVING HERETOFORE ORDERED the payment of alimony pendente lite and none of the sums due thereunder having been paid, it is now and hereby decreed by the Court that the Complainant have the [sic] and recover of the Respondent the sum of ONE HUNDRED EIGHTY DOLLARS ($180.00) for unpaid alimony installments. The Court further decrees that the Complainant have and recover of the Respondent monthly alimony of payments in the amount of SIXTY DOLLARS ($60.00) to be paid to the Register of this Court for the benefit of the Complainant on the first day of each and every month hereafter pending the further orders of this Court.

"THE COURT IS OF THE OPINION that it would not serve the best interests of the parties to this cause, either the Complainant or the Respondent, to force a division of their joint property by a public sale at this time, so the relief prayed for in that respect by the Complainant is now and hereby denied.

"IT IS ALSO ORDERED AND DECREED BY THE COURT that execution may issue for any other sums found to be due under this decree, either as Court costs or alimony, and, for the purpose of securing those sums presently recovered by the Complainant or assessed as Court costs, and for the purpose of securing any payments of alimony to be due in the future, the Court now and hereby affixes a general lien upon all the property of the Respondent, whether real, personal or mixed, and wherever situated, tangible or intangible, including, but not limited to, the following described real estate:

The Southeast Fourth of the Southeast Fourth of Section 35, Township 5 South, Range 10 East, DeKalb County, Alabama,

which said lien shall have the effect of a judgment lien to subject the property of the Respondent to the payment of any sums due under this decree, whether present or future. The Court also orders that the Register of this Court shall cause a copy of this decree to be inscribed upon the records of the Probate Office of DeKalb County, Alabama, for the purpose of notice to all parties whatever of the lien herein granted."

■ There are eight assignments of error. The first of these is not argued in brief and is therefore waived. Supreme Court Rule 9, Title 7, Appendix, Code of Alabama 1940; Epperson v. Stacey, 266 Ala. 396, 96 So.2d 750.

■ Appellant's Assignment of Error No. 2 insists "That the Court erred in holding that the Appellee should recover the sum of $180.00 for unpaid alimony installments, which has never been decreed by the Court."

We do not agree. The alimony referred to in this assignment of error and in this part of the decree was alimony pendente lite, and while such an award is usually made at an earlier stage of the case (and there is some indication that the trial judge thought it had been), it may just as well be made on the final hearing. Ex parte Bragg, 241 Ala. 214, 2 So.2d 393; Jeter v. Jeter, 36 Ala. 391. In addition to this, we find that appellant's argument is inconsistent with the Exception to Report of the Register filed by him in which he insisted that the attorneys for both parties stipulated "that the whole matter would be submitted to the Court for a decision, but that the Attorneys for the Complainants would not waive temporary alimony or temporary attorneys' fees pendente lite, in the final determination of the cause * * *." We hold that the court below did not err in granting the $180 alimony pendente lite.

■■ By his third assignment of error, appellant insists that an award of $300 for attorneys' fees was excessive. This is a matter within the sound discretion of the court. Davis v. Davis, 255 Ala. 488, 51 So.2d 876. Having considered the financial status of the respective parties, their conduct, etc., we are of the opinion that the fee of $300 is just and reasonable.

■ Appellant's fourth and fifth assignments of error raise the points that the court erred in granting the divorce and in granting alimony, both on the grounds that the appellee was herself guilty of marital misconduct; this on the theory that appellee was a habitual drunkard. Even if we assume, for the sake of argument, that the evidence supported this argument, appellant has neither alleged nor proved that the appellee became addicted to habitual drunkenness *after the marriage*. This is an essential element of the ground for divorce. Title 34, Sec. 20, Code of Alabama 1940; Meares v. Meares, 256 Ala. 596, 56 So.2d 661; Russell v. Russell, 247 Ala. 284, 24 So.2d 124; Armstrong v. Armstrong, 217 Ala. 581, 117 So. 195. In the absence of this al-

legation and proof, we can only affirm the trial court's decision in this respect.

 Appellant assigns as error the failure of the trial court to order the sale for division of property jointly owned by appellant and appellee. Such a sale was requested by appellee in her bill of complaint and assented to in appellant's answer. Neither party has presented this court with authority for the trial court's ruling on this question. If it be in error, however, it is manifestly without injury, for both parties being willing, there is nothing to prevent a sale of the property and a division of the proceeds.

Appellant further argues that the trial court erred in placing a lien on all of his property to secure the future payment of alimony. Our cases are to the effect that an alimony decree can properly fix a lien on the property of the respondent husband. Wallis v. Wallis, 240 Ala. 439, 199 So. 844; Smith v. Rogers, 215 Ala. 581, 112 So. 190. In the instant case, however, we are of the opinion that such a general and all-inclusive lien as was decreed by the court below is not necessary and would not serve the best interests of the parties. For this reason, we will remand the cause to the court below with instructions to limit the lien to all the real property owned by appellant, and to exclude from the lien all personal property of appellant.

Appellant's eighth assignment of error is that "The Court erred in holding that the evidence introduced by appellee, the Complainant in the Court below, was sufficient upon which the Court could base its decree of August 31, 1962." Such an assignment of error is entirely too general and presents nothing for review. Bertolla v. Kaiser, 267 Ala. 435, 103 So.2d 736.

The appellee, Kathryn Low Davenport, has petitioned this Court for attorneys' fees for the appeal of the case. Appellant filed no brief in opposition to the petition. In view of the financial positions of the parties and the nature of the briefs, we believe that attorneys' fee of $125 is adequate. This sum shall be paid by the appellant to the Register of the Circuit Court of DeKalb County, Alabama, for services rendered for counsel for appellee on this appeal. Tranum v. Tranum, 258 Ala. 561, 63 So.2d 701; Steiner v. Steiner, 254 Ala. 260, 48 So. 2d 184; Walling v. Walling, 253 Ala. 337, 45 So.2d 6.

Affirmed in part, and in part remanded for a decree consistent with this opinion.

LAWSON, GOODWYN and COLEMAN, JJ., concur.