160 So.2d 863

**Janice Lee BEASLEY**

v.

**Gene E. BEASLEY.**

**6 Div. 976.**

Supreme Court of Alabama.

Feb. 13, 1964.

W. A. Stevenson, Birmingham, for appellant.

Chas. Morgan, Jr., Birmingham, for appellee.

GOODWYN, Justice.

This is a divorce proceeding, involving also the custody of the parties' three year old son.

Appellant (wife) filed a bill against appellee (husband) seeking a divorce on the ground of cruelty, and also seeking custody

of their child and maintenance and support for herself and the child. Appellee filed a cross-bill seeking a divorce in his favor on the ground of adultery and also custody of the child. The cross-bill was amended to include cruelty as an additional ground of divorce.

After an oral hearing of the evidence, the trial court rendered a decree denying relief to appellant and granting relief to appellee, as prayed for in his amended cross-bill, except that appellant was given visitation rights. This appeal was brought after denial of appellant's application for a rehearing.

On this appeal, appellant challenges the trial court's action in granting the divorce in favor of appellee on the ground of adultery, in denying her a divorce on the ground of cruelty, and in awarding custody of the child to appellee. No question of alimony is presented.

After carefully considering the evidence, we find no basis for disturbing the decree.

No good purpose would be served by detailing the evidence.

■ Although there is no direct proof of adultery, the circumstances are "such as would lead the guarded discretion of a reasonable and just man to the conclusion" of guilt of such act. See: Rudicell v. Rudicell, 262 Ala. 41, 44, 77 So.2d 339; Gardner v. Gardner, 248 Ala. 508, 509, 28 So.2d 559; Jeter v. Jeter, 36 Ala. 391. The evidence gives rise to more than a possibility, or mere suspicion, of adulterous conduct. See: Gardner v. Gardner, supra, relied on by appellant. Aside from the evidence of what happened in Jefferson County, Alabama, (where the parties had lived together from the time of their marriage in 1958 until appellee was sent to France in November, 1961, as a member of the Alabama National Guard), the circumstances of the trip to Stuttgart, Arkansas, which appellant took in June, 1962, with W. C. Roberson, Jr., amply support the trial court's finding on the issue of adultery. For instance, appellant, although denying any wrongdoing, acknowledges that, after going with Roberson to Arkansas, she lived there about two and a half months in an apartment rented by him and in which he had a room separated from her room by a hall; and also, that during this period Roberson furnished food for her and the baby.

■ There is evidence supportive of appellant's charge of cruelty on the part of appellee. However, there is evidence that this occurred in the early part of 1961, and also evidence supporting a finding of appellant's condonation of such conduct. The parties, except for two days following the incident, continued living together as man and wife, including acts of sexual intercourse, until appellee's departure for France in November, 1961. See: Tate v. Tate, 274 Ala. 350, 148 So.2d 627; Brown v. Brown, 219 Ala. 104, 105, 121 So. 386, 387. Cf. Cox v. Cox, 267 Ala. 72, 74, 100 So.2d 35. From the Brown case is the following definition of "condonation":

" * * * 'Condonation' in the respect here involved means the willing continuance of cohabitation, a living together in the same place, from which fact sexual intercourse may in general be presumed; but, 'if it is satisfactorily established that the parties occupied separate apartments or had no access to each other, the presumption is destroyed.' 19 C.J. p. 87, note * * * "

The following from Reese v. Reese, 23 Ala. 785, 787, relied on by appellant, is not of controlling significance in the case before us, viz.:

" ' * * * The wife, who is timid and fearful, shrinks with horror and dismay from the odium which attaches to a separation from her husband, and becomes the patient martyr of his tyranny and brutality, rather than seek peace in separation, unless a time should arrive in the history of her sufferings, when, justified by the opinion of the world, and sustained by the counsel of friends, she might seek freedom in abandoning him. Such patient

endurance would not amount to con-donation.' "

The rule is, of course, that in awarding custody of a minor child, the paramount and controlling consideration is what is best for the child. And we have held that even though the mother has been guilty of adultery, such conduct does not, in and of itself, serve as an absolute bar to an award of custody to her. See: Wood v. Wood, Ala., 159 So.2d 448; Vinson v. Vinson, 263 Ala. 635, 640, 83 So.2d 215; Easterling v. Caton, 260 Ala. 543, 546–547, 71 So.2d 835. On the other hand, there is a rule that such misconduct is an adjudication of her *relative* unfitness to have custody. See: Hanby v. Hanby, 229 Ala. 527, 158 So. 727; Johnson v. Johnson, 215 Ala. 487, 111 So. 207. We see no basis for changing the decree awarding custody to appellee with visitation rights in appellant.

The decree is due to be affirmed. So ordered.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.