189 So.2d 471

**Patricia S. HARRISON**

v.

**Josiah F. HARRISON.**

**4 Div. 254.**

Supreme Court of Alabama.

July 21, 1966.

Rehearing Denied Sept. 1, 1966.

**676**

Alice L. Anderson, Enterprise, for appellant.

Joe S. Pittman, Enterprise, for appellee.

GOODWYN, Justice.

This is a divorce case. The appeal is by the wife from a decree granting the husband a divorce on his bill of complaint, grounded on the wife's adultery, denying relief to the wife on her cross-bill seeking a divorce on the ground of the husband's cruelty, and awarding custody of the parties' one-year old daughter to the husband subject to prescribed visitation rights of the wife.

We forego a discussion of the evidence, as no useful purpose would be served thereby. See: Code 1940, Tit. 13, § 66; Crittenden v. Crittenden, 256 Ala. 219, 220, 54 So.2d 489.

■ While there is no direct proof of adultery, there is evidence from which such act reasonably might be inferred. In other words, the evidence of the wife's adultery is circumstantial, but the circumstances are "such as would lead the guarded discretion of a reasonable and just man to the conclusion" of guilt of such act. See: Beasley v. Beasley, 276 Ala. 247, 248, 160 So.2d 863; Rudicell v. Rudicell, 262 Ala. 41, 44, 77 So. 2d 339; Gardner v. Gardner, 248 Ala. 508, 509, 28 So.2d 559; Jeter v. Jeter, 36 Ala. 391. The evidence gives rise to more than a possibility, or mere suspicion, of adulterous conduct. See: Gardner v. Gardner, supra.

■ While there is evidence that the husband struck the wife on several occasions, the evidence also shows a condonation of such conduct. See: Brown v. Brown, 219 Ala. 104, 105, 121 So. 386, 387, where "condonation" is defined as follows:

"* * * 'Condonation' in the respect here involved means the willing continuance of cohabitation, a living together in the same place, from which fact sexual intercourse may in general be presumed; * * *"

■ Although there might be evidence supportive of a finding of the husband's condonation of the wife's adultery on a par-

ticular occasion, there is evidence supporting a finding of the wife's adultery thereafter, as to which there is no question of condonation by the husband.

■ The rule is, of course, that in awarding custody of a minor child, the paramount and controlling consideration is what is best for the interest and welfare of the child. And we have held that even though the mother has been guilty of adultery, such conduct does not, in and of itself, serve as an absolute bar to an award of custody to her. See: Beasley v. Beasley, 276 Ala. 247, 249, 160 So.2d 863; Mason v. Mason, 276 Ala. 265, 267–268, 160 So.2d 881; Wood v. Wood, 276 Ala. 90, 92, 159 So.2d 448; Vinson v. Vinson, 263 Ala. 635, 640, 83 So.2d 215; Easterling v. Caton, 260 Ala. 543, 546–547, 71 So.2d 835. On the other hand, there is a rule that such misconduct is an adjudication of her *relative* unfitness to have custody. See: Beasley v. Beasley, supra; Hanby v. Hanby, 229 Ala. 527, 528, 158 So. 727; Johnson v. Johnson, 215 Ala. 487, 111 So. 207.

■ Since the testimony was taken orally before the trial court, we must indulge the usual presumption in favor of its findings and conclusions from such testimony. The rule is that a decree based on such findings and conclusions will not be disturbed on appeal unless it appears from the testimony to be plainly and palpably wrong. Butler v. Butler, 274 Ala. 352, 353, 148 So.2d 638; Burleson v. Burleson, 269 Ala. 637, 640, 114 So.2d 887; Hodges v. Beardsley, 269 Ala. 280, 284, 112 So.2d 482; Crittenden v. Crittenden, 256 Ala. 219, 220, 54 So.2d 489, supra; Moor v. Moor, 211 Ala. 56, 58, 99 So. 316; George v. George, 255 Ala. 190, 193, 50 So.2d 744. The decree is entitled to the same weight as if it were a jury's verdict. See: Tate v. Tate, 274 Ala. 350, 351, 148 So.2d 627; Butler v. Butler, 274 Ala. 352, 353, 148 So.2d 638; Dorsey v. Dorsey, 259 Ala. 220, 225, 66 So.2d 135. From a consideration of all the evidence, we are unable to say that the trial court's decree is plainly and palpably wrong. As said in

Sneed v. Sneed, 248 Ala. 88, 90, 26 So.2d 561, 562: "The personal contact of the trial court with the litigants and the witnesses gives the trial court an opportunity for personal observation which we do not have, and which accounts for the presumption we accord to its decrees."

■ The parties stipulated in the trial court that the question whether the wife should be allowed counsel fees would be left to the court's discretion. No such allowance was made. The allowance of counsel fees is addressed to the court's sound discretion. See: Davenport v. Davenport, 276 Ala. 87, 89, 159 So.2d 204; Davis v. Davis, 255 Ala. 488, 51 So.2d 876; Code 1940, Tit. 34, §§ 30–33. Under the circumstances of this case, we cannot say that the trial court abused its discretion in denying counsel fees to the wife. Nor do we perceive any appropriate basis for awarding her counsel fees on this appeal.

■ Appellant argues that, because there was no testimony noted by the register, there was no testimony before the court to support its decree. If the testimony had not been taken orally before the court, there would be merit to appellant's position. However, since the evidence was taken orally before the court, a note of testimony was not required. See: Equity Rule 57, Code 1940, Tit. 7, Appendix, p. 1095, as amended by Act No. 347, appvd. July 6, 1945, Gen. Acts 1945, p. 563; Recompiled Code 1958 (unofficial), Tit. 7, Appendix, p. 1268; Bowman v. Bowman, 274 Ala. 498, 500, 150 So.2d 385; Campbell v. Rice, 244 Ala. 144, 146, 147, 12 So.2d 385.

■ It appears from the decree that the trial court anticipates the removal of the child from the State. If to be removed, it is appropriate that provision be made for the giving of bond by the party removing the child guaranteeing her return to Alabama in accordance with the court's decree. See: Webb v. Webb, 260 Ala. 426, 430, 70 So.2d 639; Nichols v. Pelham, 257 Ala. 113, 115,

57 So.2d 517; Wheeler v. Wheeler, 249 Ala. 119, 122, 29 So.2d 881.

It also seems that the wife's visitation rights could be stated more explicitly, that is, by giving the inclusive dates of her right to custody. This might forestall further disagreement between the parties.

The decree is due to be, and is, affirmed except as to that part giving the wife "the right of visitation for the three months during the summer when the school terms are not operative, the procurement of the child being at Respondent's [wife's] own expense and the return of said child to wherever complainant [husband] is then residing to whom he designates shall have the child during his Army career shall be at his own expense." As to said excepted portion, the decree is reversed.

The cause is remanded to the trial court for modifying the decree in conformity with this opinion.

Affirmed in part, reversed in part, and remanded with directions.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.