193 So.2d 519

**Marion M. McDONALD**

**v.**

**George C. McDONALD.**

**3 Div. 204.**

**Supreme Court of Alabama.**

Oct. 13, 1966.

Rehearing Denied Jan. 12, 1967.

Horace Perry, Montgomery, for appellant.

Frank J. Mizell, Jr., Montgomery, for appellee.

LIVINGSTON, Chief Justice.

This appeal is from a decree of the Circuit Court of Montgomery County, Alabama, in Equity, Domestic Relations Division, granting to appellee, George C. McDonald, a divorce from Marion M. McDonald, the appellant, and fixing an allowance to the wife for her support and attorney's fee for her solicitor.

The bill of complaint filed by George C. McDonald charged Marion M. McDonald with cruelty and abandonment. Appellant filed her answer and cross bill denying the charge of cruelty and abandonment, and asking that the complainant be denied a divorce and that he pay to her $250 a month for her support and a reasonable fee for her solicitor.

The testimony of the appellee was taken by deposition before a commissioner pursuant to an agreement and stipulation of the parties. The appellant testified orally before the trial court. In addition to the above, the complainant introduced supplemental, corroboratory and rebuttal evidence by two witnesses who testified orally before the trial court, and also the depositions of 4 other witnesses.

There are three assignments of error on this appeal. The appellee also assigns cross-errors. Appellant expressly waived the first assignment of error. Appellant urges in her second assignment of error that the trial court erred in granting a divorce, in that appellee was guilty of misconduct which entitled her to a divorce from appellee, and argues that where both parties are guilty of conduct which furnish grounds for divorce, neither is entitled to relief. She cites the case of Bryan v. Bryan, 271 Ala. 625, 126 So.2d 484, which sets out the rule in Alabama on recrimination. It is as follows:

"* * * The rule is that if the conduct of both parties has been such as to furnish grounds for divorce, neither is entitled to relief, or, as otherwise expressed, if both parties have a right to a divorce, neither of the parties has. * *"

The cause was bitterly contested and is replete with accusations of each spouse against the other. On the issues involved, the evidence presented largely a question of fact. Had the trial court believed the evidence of both parties, the rule of Bryan v. Bryan, supra, could have been applied. But it is apparent that more credence was given to the evidence introduced by appellee by the trier of facts. Findings of a trial court in a divorce case on evidence taken partly by a commissioner and partly ore tenus before the court are to be accorded, by the Supreme Court on appeal, an authority equal to that of the verdict of a jury, notwithstanding the legislature has attempted to provide that findings of fact by the court shall be reviewed by the Supreme Court without any presumption in their favor. Le May v. Le May, 205 Ala. 694, 89 So. 49; Meares v. Meares, 256 Ala. 596, 56 So.2d 661; Reynolds v. Reynolds, 265 Ala. 263, 90 So.2d 774.

As stated in Sneed v. Sneed, 248 Ala. 88, 26 So.2d 561:

"* * * The personal contact of the trial court with the litigants and the wit-

nesses gives the trial court an opportunity for personal observation which we do not have, and which accounts for the presumption we accord to its decrees. And this is so even if the evidence is partly presented by deposition as it was in the present case. Thompson v. Collier, 170 Ala. 469, 54 So. 493."

■ Appellant's third assignment of error questions the sufficiency of appellee's evidence as to his domicile in this state. Appellant pleaded to the merits of the case and the record is bare of any denial or question of the lower court's jurisdiction. The appellant admittedly was a nonresident of Alabama when the suit was filed. In order to confer jurisdiction on the trial court, it must appear from the evidence that the complainant at the time he filed suit was a legal resident of Alabama. The suit was instituted on December 4, 1964.

■ There was sufficient evidence from which the lower court could, and did, conclude that the complainant was domiciled in Alabama: (1) The specific allegations of the complainant (appellee) that he was a bona fide resident of Montgomery, living at 7 Clayton Avenue, and had been for more than one year next preceding the filing of the bill; (2) the testimony of the appellee before the commissioner to the effect that he had been living in Montgomery since October 9, 1963; (3) the testimony, by deposition, of Miss Regina McDonald that appellee lived at her home until November, 1963, when he left for Alabama; (4) Exhibits 2 and 3 which show his residence and mail address to be at Walter Bragg Smith Apartments, Montgomery, Alabama [7 Clayton Avenue].

We think the evidence is sufficient on which to base a finding that appellee had been a resident of Montgomery, Alabama, for more than a year before suit was filed.

Appellee cross assigns two alleged errors. The first cross-assignment of error claimed that the trial court erred in that portion of its decree which required the complainant

to pay the sum of $300.00 per month alimony (allowance) for support of the respondent. The complainant (husband) argues that such award was not supported by the pleading and proof because the respondent only claimed the sum of $250.00 per month in the cross bill. But it is to be noted that she claimed this sum for separate maintenance. The respondent, however, also prayed for such other, further and different relief as would be proper in law and equity. Title 34, Sec. 33, Code 1940, 1958 Recompiled Code, provides:

"33. Allowance when against wife.— If in favor of the husband for the misconduct of the wife, if the judge in his discretion deems the wife entitled to an allowance, the allowance must be regulated by the ability of the husband and the nature of the misconduct of the wife."

■■ In Alabama, the cases follow the theory that any relief is grantable under the general prayer which is in accord with the case made by the bill (cross bill). Northcutt v. Northcutt, 262 Ala. 98, 77 So. 2d 336; Butler v. Butler, 274 Ala. 352, 148 So.2d 638; May v. Lewis, 22 Ala. 646; Munford v. Pearce, 70 Ala. 452; Rosenau v. Powell, 173 Ala. 123, 55 So. 789; Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A. L.R. 1084. It was proper to set the allowance to the wife in response to the prayer for general relief.

■■ In his second cross-assignment of error, appellee argues that the lower court erred in that portion of its decree awarding respondent's solicitor the sum of $500 as a fee. The allowance of solicitor's fee to wife in divorce suit, in absence of statute, is within sound discretion of trial court. Butler v. Butler, supra; Frazier v. Frazier, 273 Ala. 53, 134 So.2d 205; Ryan v. Ryan, 267 Ala. 677, 104 So.2d 700; Steiner v. Steiner, 254 Ala. 260, 48 So.2d 184. We see no abuse of discretion in the allowance made.

■■ Appellant has also asked that this Court allow her additional solicitor's

fees for prosecuting this appeal. The allowance by this Court of solicitor's fees for prosecuting an appeal in a divorce proceeding is discretionary. We have carefully weighed the evidence in this record. After giving due consideration to the age and infirmities of the appellee, the age of the appellant, the amount of the fee awarded appellant's solicitor in the trial court, and the results of this appeal, we are unwilling to say that appellant is entitled to a solicitor's fee for prosecuting this appeal.

The case is due to be, and is, affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.