217 So.2d 81

Ann S. FITTS

v.

Frank FITTS, Jr.

6 Div. 603.

Supreme Court of Alabama.

Dec. 12, 1968.

Sam M. Phelps, Tuscaloosa, for appellee.

Zeanah & Donald, Tuscaloosa, for appellant.

SIMPSON, Justice.

This appeal is from a decree granting a divorce to the husband on the ground of cruelty, taxing complainant with costs, allowing attorney's fee and granting to the

wife alimony in gross, payable in monthly installments. After demurrer was overruled respondent filed a petition for alimony pendente lite, which, after hearing, was denied. In the meantime respondent filed an answer. The cause came on for hearing on testimony given ore tenus heard in open court by the trial judge.

Considerable evidence was submitted by the parties, that for complainant directed largely toward sustaining the statutory ground charged in the complaint and that for respondent seeking to refute and deny the charge, together with evidence as to complainant's financial status.

Both the husband and the wife are mature, intelligent and experienced persons. He was 51 years of age; she 47. He was engaged in a business yielding a comfortable income. He owned a home and had been previously married and divorced. He had no children. The wife had been engaged in the business of selling real estate. She had been previously married and divorced. She owned the home in which she lived with her three daughters born of the first marriage. She had properties coming to her as alimony, by inheritance and otherwise.

The ground for divorce is thus alleged in complainant's bill:

"3. That the Respondent has committed actual violence upon the person of the Complainant, attended with danger to his life or health, or from her conduct there is reasonable apprehension of such violence; that on or about to-wit, September 6, 1967, the Respondent abused and cursed the Complainant, and assaulted and struck the Complainant with a drinking glass, such glass being thrown by the Respondent and striking the left shoulder of the Complainant, and then striking his right leg and cutting and lacerating his right leg between his right knee and ankle with ensuing bleeding thereof."

The tendency of the evidence is that the marriage was beset with difficulties almost from the beginning. Some disagreement arose out of the deportment and control of respondent's children. There were differences as to finances, the wife contending for larger allowances, the husband complaining of extravagances. For a time the couple occupied the home of the wife while that of the husband was being reconditioned. There were other subjects of differences. In August, 1967, the relations between the parties became more strained, and the wife, who planned to send the younger daughter to boarding school, inquired of complainant whether or not they would continue to live together during the coming school year. The complainant stated he felt they should get a divorce. Respondent at first agreed that he proceed, but on the following day she changed her mind and became enraged and there was no reasonable relationship between them thereafter. The question of divorce was frequently discussed, and undisputedly they discontinued normal marital relationship. They occupied the same house but not the same room.

It was on the night of September 6, 1967 that the incident made the basis of the divorce suit occurred. Complainant had gone to visit his parents, and then to his office to work, returning home about midnight. He has spent but few nights in the house with respondent since their discussion about a divorce. He went to the kitchen for a glass of milk, and respondent came in and fixed herself a drink of bourbon and water in a "tall glass". She returned to her bedroom, and complainant went to the separate room occupied by him. He closed the door and placed a chair in front of it. Soon respondent opened the door, pushed the chair aside. Calling the complainant a "damn conceited ass", she poured a part of her drink upon complainant, then threw the glass at him, hitting him on the shoulder and breaking the glass against the dresser and wall. A part of it struck him on the leg, cutting it. Complainant again closed the door and put a chair and a stand against it. Again respondent came into the room and in a state

of anger poured a glass of cold water on complainant. Complainant then dressed and left the house. Later complainant removed all guns from the house.

On this occasion and afterwards respondent told complainant she was "going to drag him down" and "give him hell" and "make him squirm like a worm in hot ashes". Respondent admitted going to complainant's room, pouring the liquids on him and throwing the glass. She denied, however, that she hit complainant with the glass.

Inescapably, the parties had—to put it mildly—lost taste for each other. More accurately, perhaps they had made a mistake.

Our statutes do not authorize a divorce upon such a ground. The ground of cruelty comprehends something more than incompatibility manifesting itself in some trivial act of incivility of one spouse toward the other. It cannot be said categorically that the throwing of a glass at a person with direction and force, to have it bounce off and break on a nearby wall, is trivial. We have held that in divorce actions predicated on the ground of cruelty any conduct which furnishes reasonable apprehension that the continuance of cohabitation would be attended with bodily harm is legal cruelty though no actual violence has been committed. Weems v. Weems, 255 Ala. 210, 50 So.2d 428.

We are persuaded that there was sufficient evidence from which the trial court could find that, from appellant's conduct and animus, there was reasonable apprehension of such violence. Code 1940, Title 34, § 22, as amended. As we said in Butler v. Butler, 274 Ala. 352, 148 So.2d 638, "To be sure, from a consideration of all the evidence, taken ore tenus, we cannot say that the trial court's finding in this respect was plainly and palpably wrong", citing several of our cases.

The thrust of the argument of appellant's counsel is (1) that the ground for divorce charged in the bill was not proved by the evidence; and (2) that the allowance of attorney's fee for appellant and of alimony were inadequate. We have answered the first contention. We observe that respondent's answer was not made a cross-bill, and there was no prayer for alimony. As to the second point, we conclude that under the facts and circumstances of the case, as disclosed by the evidence, the question of the amount of alimony, as well as the fixing of allowance for attorney's fee addressed itself to the wise discretion of the trial judge. Butler v. Butler, supra, Frazier v. Frazier, 273 Ala. 53, 134 So.2d 205.

There is a motion for allowance of attorney's fee for respondent on appeal. We grant the motion and fix a fee of $250.00.

Finding no reversible error, the decree is affirmed.

Affirmed.

LAWSON, COLEMAN and BLOODWORTH, JJ., concur.