242 So.2d 397

Carolyn TURNER

v.

James TURNER.

6 Div. 69.

Court of Civil Appeals of Alabama.

Dec. 16, 1970.

---

Richard C. Shelby and J. Knox Argo, Tuscaloosa, for appellant.

Turner & Turner, Tuscaloosa, for appellee.

WRIGHT, Judge.

Suit for divorce was filed by appellee against appellant March 5, 1970, in the Circuit Court of Tuscaloosa County, in Equity. The suit charged appellant with adultery. Appellant filed a cross-complaint charging actual violence. Each requested custody of the 3-year-old girl child born of the marriage. The marriage between the parties was by common law.

Testimony was ore tenus before the court. Final decree was rendered April 27, 1970.

The decree granted appellee a divorce on the ground of adultery. Custody of the child was granted to appellee with right of visitation to appellant every other weekend.

Appeal from the final decree was taken and submitted to this Court on November 23, 1970.

Assignment of error is that the court erred in granting appellee a divorce on the ground of adultery, and in granting to him custody of the child. Conversely, error is assigned that the court erred in not granting appellant a divorce on the ground of cruelty and not granting her the custody of the child.

We see no point in setting out the evidence in the case. We have carefully read the transcript, and it is our opinion there is more than sufficient evidence to support the decree of the trial court, both as to the ground of adultery and as to the granting of custody of the child to appellee.

■ The evidence as to the commission of adultery by appellant was circumstantial, as is usual in such cases, but the circumstances shown and largely admitted were of such nature as to support a reasonable conclusion of guilt. Harrison v. Harrison, 279 Ala. 675, 189 So.2d 471; Beasley v. Beasley, 276 Ala. 247, 160 So.2d 863.

The evidence as to the fitness of appellee to be awarded custody of the child was not seriously controverted. The tendency of the evidence was that appellee had, to a large extent, cared for the child during her lifetime and that adequate provision had been made for her care in the future.

■ There is no law in this state which gives to either parent priority as to right of custody. It is usual that a child, particularly a girl of tender years, is considered to need the peculiar care of the mother, but such consideration is subject to the predominant rule of the best interest and welfare of the child. Calhoun v. Calhoun, 278 Ala. 610, 179 So.2d 737; Hammett v. Hammett, 46 Ala.App. 206, 239 So.2d 778.

■■ As in all cases, where judgment or decree is entered by the court after hearing of testimony ore tenus, such judgment or decree is presumed correct, and will be reversed on appeal only if after consideration of the evidence, and all reasonable inferences to be drawn therefrom, the judgment or decree is found to be plainly and palpably wrong. Harrison v. Harrison, supra; McDonald v. McDonald, 280 Ala. 299, 193 So.2d 519. We cannot find the trial court's decree so wrong in this case.

Affirmed.