275 So.2d 342

Mae Katrina LINDERMAN

v.

Rondal L. LINDERMAN.

Civ. 89.

Court of Civil Appeals of Alabama.

March 28, 1973.

Ralph E. Slate, Decatur, for appellant.

C. B. Caine, Jr., Moulton, for appellee.

HOLMES, Judge.

Originally, the appellee-husband filed a suit in the Circuit Court in Lawrence County, Alabama, seeking temporary custody of the three minor children of the parties. The children were all under the age of nine. The appellant-wife filed an answer and cross-bill seeking a divorce on the grounds of physical cruelty, custody of the children, property settlement, alimony and child support. The appellee-husband then amended his original bill and sought a divorce on the ground of adultery and asked for custody of the children.

Testimony was *ore tenus* before the court, and on July 14, 1972, the learned trial judge entered an order granting the husband a divorce on the ground of adultery, awarded the permanent custody of the children to the husband, with the appellant-wife having custody of the children during the summer months of June, July and August, and allowing the appellant certain personal property. In addition to the above, the court decreed "that any

property, real or personal, which the parties to this cause have accumulated during converture [sic] is by these premises hereby invested solely in the complainant, Rondal Linderman, together with any outstanding debts against said property."

From this final decree appeal was taken by the appellant-wife and submitted to this court on March 14, 1973.

Assignments of error that experienced and able counsel for appellant present to this court are that the trial court erred in granting appellee a divorce on the ground of adultery, and in granting to him custody of the children. Conversely, error is assigned that the court erred in not granting appellant a divorce on the ground of cruelty and not granting her custody of the child. Appellant further assigns as error the trial court's decree [set out herein above] divesting appellant of any right in property accumulated during their union.

The parties were married in 1962 and their marriage could only be characterized as "stormy." There has been throughout the marriage periods of separation, charges and counter-charges of adultery with various persons, and physical acts of cruelty.

■ The transcript in this matter is approximately 550 pages in length and no point would be served in setting out the evidence in the case other than to once again make public the personal life of the parties. We have carefully read the entire transcript and, while this court might have a different view of the evidence from the trial judge, that is not the test. As the Supreme Court of Alabama has stated, ". . . it is not necessarily a question as to what view the reviewing court might have of the evidence, but that if, under any reasonable aspect, the decree below is fairly supported by credible evidence, it is our duty to affirm." See Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558; Rodgers v. Thornton, 254 Ala. 66, 46 So.2d 809.

■ The evidence as to the commission of adultery by appellant was circumstan-

tial, as is usual in such cases, but the circumstances shown by the evidence were of such nature as to support a reasonable conclusion of guilt. See Turner v. Turner, 46 Ala.App. 350, 242 So.2d 397; Harrison v. Harrison, 279 Ala. 675, 189 So.2d 471; Beasley v. Beasley, 276 Ala. 247, 160 So.2d 863.

Particular note is made of the non-hearsay testimony of the appellee-husband and the testimony of a witness, Joe Frank Woods.

■ Appellant additionally contends that the trial court erred to reversal in granting the divorce when the testimony showed that appellee himself had been guilty of adultery.

Tit. 34, § 26, Code of Alabama 1940, provides that no decree of divorce can be rendered where both parties have committed adultery.

While there was testimony that appellee had lived with another woman in Texas while married to respondent this occurred approximately five years prior to this action and the parties lived together during these five years.

The trial court could well have concluded that any adultery that was proved against the husband was condoned. Harbin v. Harbin, 249 Ala. 616, 32 So.2d 537; Farmer v. Farmer, 86 Ala. 322, 5 So. 434.

■ Cases dealing with custody of children are among the hardest to deal with and courts are seldom satisfied in all respects with the results reached; however, the overwhelming consideration in cases of this nature is the welfare of the children. Blankenship v. Blankenship, 248 Ala. 489, 28 So.2d 409 [and numerous other cases; Ala.Dig., Divorce, 298(1)]. The trial court heard the evidence, observed the witnesses, and based its decision of these factors in arriving at its determination that the welfare of the children would best be served by the appellant having primary custody of the children. There is a strong presumption favoring the

trial court's findings in cases of this class. Ala.Dig., Appeal and Error, 931(1). We are further mindful, as our now Presiding Judge Wright stated in Turner v. Turner, *supra*, there is no law in this state which gives either parent priority as to the right of custody. It is usually that a child or children, particularly a girl of tender years, is considered to need the peculiar care of the mother, but such consideration is subject to the predominant rule of the best interest and welfare of the child or children. Calhoun v. Calhoun, 278 Ala. 610, 179 So.2d 737; Hammett v. Hammett, 46 Ala.App. 206, 239 So.2d 778.

■ In view of the presumption favoring the trial court's finding and the primary consideration being the welfare of the children, this court cannot say the trial court committed reversible error in awarding the primary custody of the children to the appellee-husband.

■ It should perhaps be noted that in matters of custody this court's ruling and the trial court's order is never *res judicata* (Danford v. Dupree, 272 Ala. 517, 132 So. 2d 734), and under changed circumstances, the trial court, on proper petition, may later well reach a different conclusion. Northcutt v. Northcutt, 45 Ala.App. 646, 235 So.2d 896.

Able counsel for appellant further argues in brief that the trial court erred to reversal when it "invested" all of the property, both real and personal that had been accumulated by the parties, in the husband, including any debts that were outstanding against said property. [This portion of the decree is set out herein above.]

■ As to the sufficiency of evidence to support a judgment, the appellate court can review only matters appearing in the record. Bonds v. Cooke & Wood Const. Co., 37 Ala.App. 580, 72 So.2d 856; Ala. Dig., Appeal and Error, ⊜712. An appellate court can consider nothing that is not contained in the record. Statham v. Statham. 282 Ala. 322, 211 So.2d 456.

We have searched the record and find no evidence of any real property owned by the parties, either jointly or otherwise. Furthermore, we do not find sufficient evidence regarding any personal property to hold that the trial court erred to reversal in this aspect of his decree.

■ In this case, as in all cases where the judgment or decree is entered by the court after hearing of testimony *ore tenus,* such judgment or decree is presumed correct and will be reversed on appeal only if after consideration of the evidence, and all reasonable inferences to be drawn therefrom, the judgment or decree is found to be plainly and palpably wrong. Harrison v. Harrison, *supra*; Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308. We cannot find the trial court's decree so wrong in this instance.

All assignments of error properly presented and argued having been considered, the decree is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.