296 So.2d 180

**Noah HICKS**

v.

**Shirley Ann HICKS.**

**Civ. 321.**

Court of Civil Appeals of Alabama.

June 12, 1974.

John F. Proctor, Scottsboro, for appellant.

Jack Livingston, Scottsboro, for appellee.

HOLMES, Judge.

Appellee-wife brought suit for divorce against appellant-husband in the Jackson County Circuit Court on the ground that the husband had become addicted to the habitual use of alcohol subsequent to their marriage. Appellee further alleged that as a result of appellant's habitual "drunkenness," there had been an irretrievable breakdown of the marriage.

In addition to the divorce, appellee sought custody of the parties' four minor children; support for the children; the home which was jointly owned by the parties; and a reasonable fee for her attorney.

By answer and cross-bill, issue was joined between the parties and testimony was taken *ore tenus*.

Thereafter, on October 17, 1973, the trial court entered a final decree of divorce dissolving the bonds of matrimony for and on account of "habitual drunkenness" by the appellant-husband. The lower court further awarded custody of the four minor children to the wife with certain specific visitation rights granted .to the husband; required that the husband pay $235 per month child support; ordered the husband to convey his interest in the homeplace to the wife, with the wife to assume the mortgage indebtedness thereon. Additionally, the lower court awarded appellee's attorney a $250 fee which was to be paid by appellant.

Able counsel for appellant-husband contends by appropriate assignments of error that the trial court erred to reversal in divesting the husband of his interest in the homeplace; in its award of child support;

and in its award ordering appellant to pay appellee's attorney's fee.

The pertinent tendencies of the evidence reveal the following:

Appellee testified that the parties were married on December 20, 1958, in Detroit, Michigan. In 1968, they moved to Bridgeport, Alabama, where they bought some property and built a house for some $8,500. Appellee testified she had always worked one or two jobs since they had been married to help pay the bills and to go toward paying for the home which they built. She stated that she was presently employed as credit manager at Tri-Cities Clinic at the rate of $3 per hour and her take-home pay was usually $175–$200 per week. Appellee stated that she could make the mortgage payments on the house if certain social security payments the husband receives were awarded to her.

The appellee testified as to her husband's drinking problems, stating that he drinks constantly and continuously and that he is an alcoholic and has been for five years. There was also testimony by appellant-husband's brother that appellant drinks too much and is "the world's worst."

Appellant testified that he worked approximately eleven months after they moved to Bridgeport at Avondale Mills, but had to quit as a result of injuries caused by a car accident. He stated he has not been able to work since the accident, and that he is presently receiving 100% Social Security and VA disability payments. The combined total received from these sources comes to $520 per month, of which amount $238 is received for his having four children. Appellant further stated that the house was now worth $20,000–$25,000, and has a $2,000 mortgage on it. He also stated that he and his wife contributed jointly toward paying for it.

Both the appellee and appellant testified that they have no other assets except the house which they built and have been jointly contributing for payment of the mortgage thereon.

In addition to the above, there was some testimony indicating that appellant has a one-third interest in a farm which is allegedly valued at $100,000 subject to his sixty-one or sixty-two year old mother's life estate.

There was testimony that after their separation, appellee and the children had been living in the homeplace, and the appellant was living with his mother.

■ At the outset, we note that where the judgment or decree is entered by the trial court after a hearing *ore tenus*, such judgment or decree is presumed correct and will be reversed on appeal only if, after consideration of all the evidence and all reasonable inferences to be drawn therefrom, we conclude that it is plainly and palpably wrong. McDonald v. McDonald, 280 Ala. 299, 193 So.2d 519; Harrison v. Harrison, 279 Ala. 675, 189 So.2d 471; Linderman v. Linderman, 49 Ala.App. 662, 275 So.2d 342; Body v. Body, 47 Ala.App. 443, 256 So.2d 184.

Counsel for appellant cites Phillips v. Phillips, 221 Ala. 455, 129 So. 3, and Frazier v. Frazier, 273 Ala. 53, 134 So.2d 205, and asserts that under those cases, an award of alimony in gross to the wife is usually from one-half to one-third of the husband's estate or less. Appellant further states that the husband is entitled to retain some fair share of his estate and to an opportunity to provide some security for himself. Appellant therefore urges that in view of the facts of the instant case, the trial court erred in its award of the house to the wife.

We cannot, in this instance, determine whether the award to the wife is an award of alimony in gross or a property division, but we note that we do not need to make such a determination.

■■ If the award were one of alimony in gross, the law is clear that each case

stands upon its own facts and no mathematical formula may be applied. See Eubanks v. Eubanks, 52 Ala.App. 224, 291 So.2d 159; Self v. Self, 49 Ala.App. 665, 275 So.2d 345. We might further comment that the amount of alimony is a matter of discretion for the lower court, which will not be revised on appeal in the absence of abuse. Maddox v. Maddox, 276 Ala. 197, 160 So.2d 481. If, on the other hand, the award was a division of property, such division does not have to be an equal one, but only one which is graduated according to the nature of the case. Eubanks v. Eubanks, *supra*; Pope v. Pope, 268 Ala. 513, 109 So.2d 521.

■ Applying the above stated principles to the instant case, we note that the wife, although having been awarded the home, was required to make the mortgage payments on it; that the wife had also been awarded custody of the children, who had lived there since the house was built; that the husband was living with his mother; that the husband has a problem regarding the intemperate use of alcohol; and that the home was the only asset owned by the parties (not taking into consideration any interest of the husband in his father's estate). Accordingly, in view of the above, we cannot say the decree of the trial court in awarding the appellee all interest in the home is plainly and palpably wrong.

■ Furthermore, as regards appellant's assignment of error that the lower court erred in the amount of its award for support, as we view the evidence, of the $520 in Social Security and VA benefits which the husband was receiving, $238 was received by virtue of appellant having four children as dependents. The lower court awarded the four children to the wife and ordered that the husband pay her $235 as child support. Considering the above, the law is clear that the determination of custody and the amount to be paid for the support of the children is a matter of discretion which is left to the trial court. Whiteport v. Whiteport, 283 Ala. 704, 220

So.2d 891; Ruckman v. Ruckman, 274 Ala. 266, 147 So.2d 816. We cannot say under the facts of this case that the trial court abused its discretion in the award of $235 child support.

■ As to appellant's assignment that the lower court erred in awarding appellee an attorney's fee of $250 and ordering the husband to pay the amount, the law is clear that such a determination is within the sound discretion of the trial court. Hewitt v. Hewitt, 285 Ala. 516, 234 So.2d 283; Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308. We do not find, in this instance, such abuse of discretion as to constitute error by the lower court, even though our own judgment may be otherwise.

This court must comment that we may not substitute our judgment for that of the lower court, but, rather, must follow the above-mentioned principles of law in our review of a case of this nature. Accordingly, and upon consideration of all assignments of error, the judgment and decree of the trial court is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.