This appeal arises from the award of child custody pursuant to a divorce. *Page 443 
Brenda Wells and Billy Jack Wells were married on December 23, 1964. A son, Billy Jack Wells, Jr., was born on December 29, 1967. The couple separated on June 1, 1975, and Mrs. Wells took Billy with her. Mrs. Wells filed for divorce on the ground of incompatibility on August 15.
After oral hearing a judgment was entered on April 23, 1976, granting a divorce on the ground of incompatibility and awarding custody of Billy to Mrs. Wells until the school year ended and then to Mr. Wells until August 18, when the court would make a final determination of custody. On August 18, the court awarded permanent custody to Mr. Wells but gave Mrs. Wells custody on alternate weekends, during the summer, and for a week at Christmas.
Mrs. Wells moved for new trial. After hearing further testimony on October 25, the court denied the motion. Mrs. Wells appeals from the judgment as it relates to custody of the minor child.
Mrs. Wells is 34, works as a contract specialist at Redstone Arsenal where she earns $10,000 yearly, and lives in an apartment in Huntsville. Mr. Wells is 35, works on the third shift at Ballet Fabrics in Scottsboro for $3.21 per hour, and lives at Woodville in the home occupied by the family for some three years prior to the separation.
The evidence was that Mrs. Wells worked in Huntsville and attended college at night while she was living at Woodsville and that Mr. Wells or his mother would care for Billy during the time Mrs. Wells was away. After the separation of the parties, Billy was cared for by a baby-sitter when his mother was away. During the period when Mr. Wells had custody, Billy was cared for by his paternal grandmother at night while Mr. Wells was working. Mr. Wells cared for Billy from the time he got out of school until it was time for Mr. Wells to go to work. The testimony indicated that each parent loved the child and provided proper care when in their custody. Further details of the testimony would serve no useful purpose.
Mrs. Wells primarily raises two issues. First, did the court err in granting custody to Mr. Wells without applying the presumption that a mother is best suited to have custody of a child of tender years? Second, should the trial judge have granted a new trial because of his bias or prejudice against Mrs. Wells?
Alabama cases have often stated the principle that all things being equal, a mother is presumed to be best fitted to provide care, custody and control for children of tender years. Messerv. Messer, 280 Ala. 395, 194 So.2d 552 (1967); Blankenship v.Blankenship, 248 Ala. 489, 28 So.2d 409 (1946). But even this is subject to the predominant rule of the best interests of the child. Linderman v. Linderman, 49 Ala. App. 662, 275 So.2d 342
(1973).
No specific guidelines have been drawn as to what ages are included within the tender years. Each child custody case is decided on the basis of its own facts and circumstances.Kilgore v. Kilgore, 54 Ala. App. 336, 308 So.2d 249 (1975). The court could have determined the child not to have been peculiarly dependent upon the mother. The child in this case was nearly nine years of age at the time of final judgment.
If there is not involved a child of such tender years as to be peculiarly dependent on the mother, there is no presumption favoring custody of the mother rather than the father, when either is a fit and proper custodian. Hammett v. Hammett,46 Ala. App. 206, 239 So.2d 778 (1970); Turner v. Turner,46 Ala. App. 350, 242 So.2d 397 (1970).
There is a strong presumption in favor of the finding of the trial court in cases of this class. Hagler v. Hagler,50 Ala. App. 266, 278 So.2d 715 (1973). We find no plain or palpable error in the findings made by this trial court. Where the decree is fairly supported by the credible evidence, it is our duty to affirm. McGee v. McGee, 284 Ala. 320, 224 So.2d 672
(1969).
Mrs. Wells in her motion for new trial charged bias and prejudice to the trial judge as follows: *Page 444 
 "That the Plaintiff's brother, William G. (Bill) Washburn of Route 2, Woodville, Alabama is known to the said Judge as having testified in favor of Hugh Otis Bynum in a recent trial in said county in which the tragic bombing incident resulted in the Judge's severe injuries and further that the said Judge had opposed the said William G. (Bill) Washburn in a recent political campaign, wherein the said Washburn sought a local political office. That said facts surrounding the previous described encounters between the Court and Plaintiff's brother may have had such overwhelming influence on the thinking of the Court that the Court was unable in this case to render a decision based upon precedent and upon the presumptions cited by himself in his second paragraph of the custody order sought by this Plaintiff to be set aside for re-hearing."
Prejudice on the part of a judge is not presumed. Duncan v.Sherrill, 341 So.2d 946 (Ala. 1977). But a judge is presumed to be qualified and unbiased with the burden on the moving party to prove the contrary. Street v. Hutto, 46 Ala. App. 324,241 So.2d 848 (1970). There is no evidence of any partiality or prejudice on the part of the judge here. Nothing indicates that he should have disqualified himself under Canon 3C of the Canons of Judicial Ethics, nor granted a new trial.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.