This is a divorce case.
The husband appeals, contending that the trial court abused its discretion in the division of property, the award of alimony, the placing of liens upon the property awarded to the husband, and the award of attorneys' fees to the wife's attorneys.
We find that the trial court did not commit reversible error in regard to the above and affirm.
Viewing the record with the attendant presumption, we find the following:
The parties were married for approximately thirty-three years. There were five children born of the marriage, all of whom have reached majority.
The wife is approximately fifty-three years old and has a high school education but no special job training or skills. The husband is fifty-two and is a medical doctor and an attorney-at-law. The husband's medical practice grew to such an extent that the family lived in a state of affluence from the late 1950's. The family resided in a comfortable home, the wife always drove a late model automobile and enjoyed other luxuries because of the husband's large income.
During the period from 1972 to 1977, the husband received in cash, from salary and loans from his medical practice, over 1.6 million dollars. In 1977, he had income from his law practice in excess of $150,000. Although there was evidence that the husband's income from his medical practice had been curtailed because he had been cut off from the Medicaid program, the husband still retained a very substantial medical practice and had several suits pending in his law practice. His income is still in the range of "six figures."
Because of this large income, the husband acquired a great deal of realty and other assets. Although the evidence relating to *Page 639 
these assets of the husband is not a paragon of clarity, it appears that the husband's net worth at the time of the divorce was in excess of $750,000.
The record further reveals that the husband admitted having ten or eleven adulterous affairs during his marriage to the wife. There was evidence and the trial court so found that the husband had left the wife in 1972 and since that date had lived in a state of open adultery with a younger woman. The husband testified that this paramour had gotten her name legally changed to Robinson so that fewer questions would be asked by curious neighbors.
The trial court, after an ore tenus hearing, granted the wife's petition for divorce on the ground of adultery. A division of property was made with the wife receiving the family residence, real estate and a life insurance policy. The combined worth of these assets is approximately $415,000. The husband was awarded a farm and country house and other real estate holdings with a minimum value of $450,000. Regarding the minimum value of the real estate, part of the realty awarded to the husband consisted of a 150,000 acre tract in Brazil. The husband testified at trial that the tract was worth $100,000. However, in an extrajudicial, sworn financial statement the husband fixed the market value of this property at $5,000,000. He made other extra-judicial statements that the Brazilian property was worth $10,000,000. There was evidence that the husband had spent approximately $150,000 in improvements and expenses on the Brazilian property.
Of all the assets awarded to the wife, only one tract of land was encumbered by a mortgage for which the husband is responsible to satisfy. This tract was ordered sold by the trial court and the proceeds divided after reduction for payments made by the husband on the mortgage, etc. Thus, there is no continuing financial burden placed on the husband with regards to the property awarded to the wife.
The husband was also required to discharge any unpaid income tax deficiencies. The trial court placed a lien upon all of the property awarded to the husband to protect the rights of the wife.
As periodic alimony the husband was required to pay the wife $2,500 per month. Additionally, the husband was required to pay the wife attorneys' fees of $25,000.
Through able counsel, the husband contends that the trial court abused its discretion in its division of property and award of alimony because the husband is heavily in debt and because of a decrease in the husband's earning capacity.
At the outset, we note that when the evidence in a divorce case is heard ore tenus by the trial court, its findings are presumed correct and the trial court's division of property and award of alimony will not be disturbed on appeal in the absence of proof that discretion was exercised in an arbitrary and unjust manner. Johnson v. Johnson, Ala.Civ.App., 360 So.2d 996,writ denied, Ala., 360 So.2d 999 (1978); Meyers v. Meyers,55 Ala. App. 697, 318 So.2d 725 (1975).
When considering an award of alimony or division of property, the trial court may consider certain factors depending upon the facts of a particular case. See, Goodwin v. Goodwin, Ala.Civ.App., 364 So.2d 678 (1978).
One factor that may be considered is the earning capacity of the parties. Clearly, the husband in the instant case has a tremendous earning capacity. Despite the contention of the husband that his earning capacity has decreased, his last reported income tax return shows an income from his medical practice in 1976 in excess of $150,000. Additionally, in 1977, he received legal fees of approximately $175,000. Without question, the husband, who is a doctor and a lawyer, has the skills and ability to produce great sums of money, while the wife has little or no earning ability.
An additional factor which may be considered is the conduct of the parties with reference to the cause of the divorce. Clearly, in this instance, the husband's actions *Page 640 
were an important consideration in the trial court's award. In fact, the trial court found that the husband had been living in "a state of open and notorious adultery."
We find that the property division, which when viewed in light most favorable to the husband, awarded the wife less than half of the husband's estate, is not an abuse of discretion. This is particularly so in view of the circumstances of the case, including the husband's misconduct and his earning capacity. See, Smith v. Smith, Ala.Civ.App., 369 So.2d 1235
(1979).
As noted above, the husband contends that he has experienced a decrease in income and is heavily in debt such that an award of $2,500 per month as periodic alimony is an abuse of discretion.
However, we again emphasize the fact that the husband, despite any decrease in earnings, still has income well into the six figures and has an earning capacity which is in no way impaired.
In addition, the wife presented evidence as to need of support and as to her standard of living. The husband's claim of indebtedness is a secondary consideration when compared to the obligation to support his wife in relation to his income and the manner in which the wife is accustomed to living. Thus, the award of $2,500 per month as periodic alimony is not an abuse of discretion. See, Cranton v. Cranton, Ala.Civ.App.,347 So.2d 997 (1977).
Next, the husband contends the trial court erred in placing liens on all of the real property awarded to him to secure payment of and compliance with the final decree because the liens cloud the title of the property and lessen its market value.
However, the law in this state is to the effect that a decree can properly fix a lien on all of the real property of the husband. See, Davenport v. Davenport, 276 Ala. 87,159 So.2d 204 (1963). We find no error in the placing of the liens in the instant case.
Next, the husband contends that the award of attorneys' fees of $25,000 to the wife's attorneys was an abuse of discretion.
The wife's attorneys testified as to the amount of time spent working on the case and type of work involved. One of the attorneys testified that a reasonable fee for all of the wife's counsel would be approximately $25,000. In addition to this evidence, the trial judge was entitled to use his own knowledge and experience in determining the value of the services performed. We cannot say that the trial court abused its discretion in the amount of attorneys' fees awarded. See, Smithv. Smith, supra; Burgess v. Burgess, 54 Ala. App. 396,309 So.2d 107, writ denied, 293 Ala. 748, 309 So.2d 111 (1975).
Even the husband admits that this award would approach a reasonable fee if he had sufficient assets to pay. As stated above, the husband's income is and will no doubt remain very high. When this is coupled with the fact that the attorneys' fees are to be paid over a two year period, we find no abuse of discretion.
Finally, the husband contends that since the alimony statutes of this state were declared unconstitutional in Orr v. Orr,440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), the trial court erred in its refusal to grant the husband's motion for a new trial.
We first note that the husband never raised any question concerning the constitutional infirmity of the alimony statutes until more than two months after the rendition of the final decree and thus cannot now complain.
In any event, the benefits of the alimony statutes have been mutually extended, see, Orr v. Orr, Ala.Civ.App.,374 So.2d 895, writ denied, Ala., 374 So.2d 898, and in view of the facts as indicated above, the trial court's decision ordering the husband to pay alimony will be affirmed. See, Hughes v. Hughes, Ala.Civ.App., 372 So.2d 845 (1979).
The wife has petitioned this court to award her a reasonable amount of money as attorneys' fees on appeal. After due reflection, we consider $3,000 to be a reasonable amount for the services of the wife's attorneys on this appeal and do hereby award that amount to her as attorneys' fees. *Page 641 
This case is due to be affirmed.
Attorneys' fees awarded.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.