BRADLEY, Judge.
This is a child custody case.
The parties to this action were divorced, by a German court on July 28, 1975 after a fairly short marriage. One child was born as a result of this marriage: Alexander. The child is four and a half years old and, according to the evidence, is substantially deficient in his language development.
The German court did not provide for custody and, during the period from the divorce to the time of trial, the mother was the principal custodian, although the father had visited and kept the child for several ' months at a time.
On August 7, 1978 the father filed a petition in the Juvenile Court of Montgomery County alleging that the child was dependent and that his custody should be decided as between the natural father and natural mother. The mother intervened in this proceeding and sought custody of the child.
After an ore tenus hearing, the trial court awarded the custody of the child to the father with reasonable visitation privileges being given to the mother. The mother appeals and says that the trial court erred in placing the custody of the child with the. father because there is a presumption that a mother is better suited to have custody of a child of tender years.
In child custody cases the paramount concern of any court is the welfare and best interests of the child. Linderman v. Linderman, 49 Ala.App. 662, 275 So.2d 342 (1973). As between natural parents, the mother generally is favored as the custodian of children of tender years, if she is fit, over the father; however, such presumption is subject to being rebutted. Borsdorf v. Mills, 49 Ala.App. 658, 275 So.2d 338.(1973). Furthermore, each child custody case will be decided on its own peculiar facts and circumstances, and the trial court’s judgment in such cases will not be reversed unless shown to be plainly and palpably wrong. Kilgore v. Kilgore, 54 Ala.App. 336, 308 So.2d 249 (1975).
The facts in the instant case show that the mother is a Mexican-American and lives in California. She has two other children by a previous marriage, one of whom is afflicted with cerebral palsy and requires considerable attention. The other youngster is sixteen years old and a senior in high school.
The mother testified that she works in a cannery most of the time, but occasionally she is laid off and then she works in an electronics plant. Her wage at present is $5.80 an hour. She receives some financial aid from the State of California for her invalid son and she receives $150 per month from her former husband when Alexander is in her care.
The mother testified that when she worked at the cannery, she would work the night shift so that she could be at home during the day with her children. At night, while she is at work, Alexander and the invalid son are in the care of the sixteen year old son.
The evidence is to the effect that English and Spanish are spoken in the mother’s house.
The father is employed by the Army and Air Force Exchange and is presently stationed in Montgomery, Alabama. His earnings are about' $1,500 per month. He is presently married to a woman who was born and raised- in Germany. She is presently learning to speak English. They have one child, a nineteen month old son. This wife is not employed outside the home and cares for her son and Alexander when he is staying with his father. She stated that they have a four bedroom house and a large back yard. She loves Alexander and wants him to live with them.
*1144 In October 1977, during a visit by Alexander, the father testified he noticed and became concerned with Alexander’s speech development. He stated that Alexander spoke in one-word utterances rather than sentences, both in Spanish and English. The father is fluent in four languages, including Spanish and English.
The father had the child tested by a speech therapist at AUM. She testified, based on the results of her tests, that Alexander was two to two and a half years below his age level in language development. She attributed this deficiency to the mother’s home environment where Spanish and English are spoken.
There was no evidence that either parent was unfit or did not love Alexander or did not have his best interests in mind.
There is sufficient evidence in the record, if believed — and the trial court obviously did believe it — to support a finding that Alexander has a severe speech development deficiency and that it is due mainly to his mother’s home environment where English and Spanish are spoken interchangeably. Further, the evidence will support a finding that the father is well able financially to see that Alexander has the proper schooling to help him overcome this deficiency. The father also said that only English is spoken at his house unless he was trying to teach Alexander, and. then he would resort to Spanish to help Alexander understand.
Based on all the evidence contained in the record and the inferences to be gleaned therefrom, we cannot say that the trial court’s decree is- plainly and palpably wrong. Consequently, we affirm the trial court’s judgment.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur. •