HOLMES, Judge.
This is a child custody case.
The parties were divorced by the Circuit Court of Jefferson County. The learned trial judge, after an ore tenus hearing, awarded custody of the party’s three year old female child to the father. The mother appeals and we affirm.
The dispositive issue is whether the learned trial judge abused his discretion in awarding custody to the father.
We have carefully reviewed the record in this case. Prudence dictates that we but summarize the facts the trial judge had before him in fashioning his decree.
Viewing the record with the attendant presumption we find the following. The parties married at an early age; he was nineteen, she was fifteen. Shortly after the birth of their daughter they separated, the mother taking the child.
It was at this time that the child began to suffer what the mother termed accidents. On one occasion the child reputedly pulled weights down on her foot, injuring it. The child was also burned in the eye by a lit cigarette. The mother explained that this injury occurred when she was holding the cigarette in her hand and the child walked into it. The child sustained even further injury when she received a broken leg as the result of an alleged fall from her bed.
The worst incident occurred at a time when the mother was living with a male friend. Having to work late, the mother took the child to a child care center and arranged to leave her overnight.
The operator of the center noticed cuts and bruises on the child’s face. When undressing the child to bathe her, she noticed blood on her underwear. Upon closer examination, she found marks on the child’s buttocks and on one breast. She further saw that the vaginal area was red and swollen.
The child care center notified the authorities and then took the child to the hospital. There was further testimony which revealed the that the vagina was swollen and the hymen perforated. The marks on her breast and buttocks were described as burns or brands.
The mother testified that she was not aware of these injuries until she went to the hospital and saw the child. The mother concluded her paramour must have been responsible. She said she confronted him with this and he immediately left. His location is presently unknown.
The Department of Pensions and Security entered the case and placed the child in a temporary foster home. As a result of proceedings not before this court, the father soon took the child to his home in Mobile.
The father testified he wanted permanent custody of the child and could provide a suitable environment. He had high hopes for a new business he was involved in. His fiancee aided in the providing of care for the child.
The trial judge divorced the parties and awarded custody to the father. The mother received restricted visitation rights.
The mother brings this appeal, claiming the learned trial judge erred in not following the “tender years doctrine.” Under this doctrine, the courts generally award custody of children of tender years to the mother unless she is found to be unfit. Brown v. Jenks, 247 Ala. 596, 25 So.2d 439 (1946).
 While such a presumption offers a court much needed guidance in this delicate area, the presumption is subject to rebuttal. Borsdorf v. Mills, 49 Ala.App. 658, 275 So.2d 338 (1973). When custody is at issue, the paramount concern of this or any court is the welfare and best interest of the child. *93 Linderman v. Linderman, 49 Ala.App. 662, 275 So.2d 342 (1973). In fulfilling its duty, the court must decide each case on its own peculiar facts and circumstances. Schulz v. Schulz, Ala.Civ.App., 373 So.2d 1142 (1979). When the trial court exercises its discretion after an oral hearing, we presume it to be correct and will reverse only if we are convinced from a review of the evidence that the court abused its discretion and that its judgment is plainly wrong and unjust. Stewart v. Grace, Ala.Civ.App., 360 So.2d 1032 (1978).
Suffice it to say that we find no error in this case. Indeed, to blindly adhere to the tender years doctrine on this set of facts would be to elevate it to a position of sanctity as never before afforded.
There was no evidence whatsoever that the child suffered any similar injuries while the parties were together or after the father took her to Mobile. Only while with the mother did she become “accident prone.” The above mentioned series of calamitous events culminated in the terrible sexual abuse allegedly perpetrated by the mother’s paramour.
On the other hand, the father immediately sought custody upon learning of this tragedy. He indicated a desire and the ability to raise the child in a wholesome manner. While he was lacking in formal education, he had recently begun a promising business venture. There was evidence his fiancee would welcome and nurture the child.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.