Plaintiffs, Charles W. and Jeanette Frederick, appeal from the denial of their motion for new trial.
Plaintiffs contracted with the defendant, James Strickland, for the construction of a house. The contract price was to be $24,600. After moving into the house, the plaintiffs brought this action to recover damages for alleged defects in the construction of the house.
At the trial plaintiff Jeanette Frederick testified that the difference in the value of the house as it was supposed to have been built according to the contract and the value as it was actually built was $17,000. Douglas Glaze, a carpenter, also testified as to the cost of repairing certain defects in the house. The total cost of these items came to $7,810.00. The defendant offered no contradictory evidence as to the estimate of damages. The jury returned a verdict of $1,200. The plaintiffs' motion for a new trial was denied and this appeal followed.
Plaintiffs contend that because the defendant offered no evidence to contradict the testimony as to damages the jury was bound by the opinion evidence of value offered by plaintiffs.
The jury does not have an absolute right to disregard the testimony of competent witnesses and substitute its own conclusion for undisputed evidence. Hyde v. Starnes, 247 Ala. 26, 22 So.2d 421 (1945). And where a jury verdict cannot be justified on any reasonable hypothesis presented by the evidence, it should be set aside. Farmers Ginners Cotton OilCo. v. Reliance Insurance Co., Ala., 341 So.2d 147 (1976).
Normally, the above stated rules would apply in the case at bar since the only direct testimony of damages was for either $17,000 or $7,810, and not for $1,200 as found by the jury. However, in the instant case the jury was allowed to inspect the house. Knowledge acquired by the jury during a view is proper evidence. Western Railway of Alabama v. Still, Ala.,352 So.2d 1092 (1977). *Page 1152 
Furthermore, when the jury is permitted to view the premises, it is not bound by the estimate of damages given by witnesses.State v. Carter, 267 Ala. 347, 101 So.2d 550 (1958); Whitman v.Housing Authority of the City of Elba, 272 Ala. 245,130 So.2d 362 (1961). Therefore we conclude that there was sufficient evidence to support the jury verdict of $1,200 and the denial of the motion for new trial based on inadequate damages is without error.
The remaining issue is whether the trial court erred in overruling the motion for new trial on the ground that a member of the trial jury failed to answer truthfully a question propounded during voir dire.
Paragraph four of the motion for new trial is as follows:
 4. One of the members of the jury, Edward Box, failed to truthfully answer a question propounded to the jury venire by Plaintiffs' attorney in that he failed to state that he was a construction contractor or worked for a contractor when he was in fact so employed, and as a result, sat as a biased and prejudiced juror, with a resulting influence on the amount of the jury's verdict.
The assertions of paragraph four of the new trial motion are not supported by affidavits, testimony or exhibits. Plaintiffs contend, however, that they had no opportunity to offer testimony in support of the motion because the trial court overruled their motion without giving them a hearing. However, the record contains no request by plaintiffs for a hearing on their motion. Neither does the record reflect whether a hearing was or was not held by the trial court.
Rule 59 (g), ARCP, provides in part that post-trial motions "shall not be ruled upon until the parties have had opportunity to be heard thereon."
In Kilgore v. Kilgore, 54 Ala. App. 336, 308 So.2d 249 (1975), the motion for new trial was granted without a hearing on the same day that it was filed. The opposing party contended that the court erred in granting the motion without holding a hearing on it. We held that in the absence of an objection to the failure to hold a hearing on the motion, the opposing party had waived any error that might have been committed by the trial court.
Likewise, in the case at bar, the movants failed to ask for a hearing on their motion and the motion remained pending for about ninety days, not just one day as in the Kilgore case. Obviously, they had ample opportunity to request a hearing on their motion. And we consider a reasonable interpretation of the pertinent portion of Rule 59 (g) to be that a party have anopportunity to be heard. This means that if the court itself fails to set the motion for hearing and a party wishes to be heard, then that party should request a hearing.
At such a hearing the facts may be presented by affidavits, or the court, in the exercise of its discretion, may receive oral testimony or depositions. Rule 43 (e), ARCP.
In the case at bar the movants did not attach affidavits or other exhibits to the new trial motion, nor did they request that they be permitted to offer oral testimony or depositions in support of paragraph four. In fact they did not even request a hearing on their motion. Based on this state of the record we are unable to say that the trial court erred in this aspect of its ruling on the motion for new trial.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 1153