WRIGHT, Presiding Judge.
This is a divorce case.
The parties were married in 1964. Both have college degrees — he has a B.S. in Pharmacy and an M.D. degree; she has a B.S. in home economics and a Master’s in education. At the time of the divorce, the couple had been married sixteen years and had five minor children, now ages seven to twelve, born between 1969 and 1974. Prior to the birth of the first child, the wife was employed as a public school teacher and later a college instructor. The husband held various jobs in order to support himself and his wife throughout his college and medical school years. The husband’s father and several educational loans also contributed to the couple’s livelihood during those years. The early years of marriage were spent in Mississippi.
In 1970, the Hudsons moved to Jasper, Alabama, where the husband was employed by Jefferson Health Foundation for one year. For a few years he was associated in practice with other physicians. At the time of the divorce, the husband was employed by his own professional association. The wife has not been employed outside the home since the birth of the first child. She is presently a student at Birmingham School of Law.
The husband and wife are thirty-eight and thirty-seven years old, respectively. Both are in good health. Dr. Hudson is a highly successful family practitioner and self-taught allergy specialist. His professional association grossed more than half a million dollars in 1979, and his gross salary *97 for that year was $216,000. The couple’s home in Jasper, including a barn, pool and tennis court, is located on eighty-seven acres. The heated area encompasses more than 10,000 square feet. The court-ordered appraisal valued the homeplace at $350,000.
The parties separated in August 1979 when the husband left the home. He filed for divorce in May 1980 alleging incompatibility of temperament and irretrievable breakdown of the marriage. Following trial ore tenus, a decree of divorce was entered on October 27,1980. That decree was set aside on November 19,1980, pursuant to a motion for reconsideration or new trial made by the husband. The trial court ordered appraisals of the couple’s property. Subsequently on February 9, 1981, the trial court entered a final amended decree superseding all prior decrees.
The wife moved for new trial, which motion was denied on April 7, 1981. She appeals.
The wife’s main contention on appeal is that the trial court abused its discretion throughout the final amended decree. She also contends that the trial court erred in admitting into evidence an appraisal submitted by the husband’s attorney without proper notice and service to the wife. Within that contention, she asserts that she was given no opportunity to controvert the appraisal or to cross-examine in regard to it.
We will first address the issue of abuse of discretion.
The pertinent portions of the decree are summarized as follows:

Property Division

Husband:
H. B. Bar Farm (one-half interest); Covington County, Mississippi, farm; Lake Tahoe property (one-fourth interest);
18th Street Realty (one-third interest); Jasper Family Clinic (one-half interest);
Stocks, bonds, etc:
Vivienda, Walker County Medical Center bonds, and Nuvene;
Motor Home; and
45% net proceeds from sale of home-place.
Wife:
Smith Lake houses (two);
Three automobiles;
Dunhill Pharmaceutical stock;
All home furnishings and furniture not specifically awarded to husband; and 55% net proceeds from sale of home-place.
The husband is responsible for all debts owed by the parties except for the mortgage on the two lake houses awarded to Mrs. Hudson. The vast majority of the realty is mortgaged.

Child Custody, Support and Visitation

Custody in both parties;
$3,750 per month support and maintenance for wife and children to decrease $300 per month per child as each one reaches majority;
Children to reside with mother with father’s visitation as follows: every other weekend, alternating holidays, two weeks of summer vacation, every other AEA week, Monday and Wednesday nights from 5:30 to 8:30 and as the parties mutually agree;
Wife allowed to live in homeplace until youngest child reaches majority or she remarries, husband to be responsible for mortgage, taxes, insurance, upkeep, repair, and mortgage insurance policy; and Husband to pay medical and dental care of children.
Under these provisions, the wife asserts that the trial court abused its discretion especially by depriving her of full title to the homeplace, by placing custody of the children in both parents and by the Monday-Wednesday-night visitation during the school year. She also contends that the amount for support and maintenance is insufficient. She points out that in the original decree, she was given $6,000 per month in alimony and child support and full title to the homeplace, medical insurance cover *98 age for herself and a $250,000 life insurance policy on the husband with the wife as irrevocable beneficiary.
The decisions complained of were within the trial court’s discretion and will not be reversed except for palpable abuse. Armstrong v. Armstrong, 391 So.2d 124 (Ala.Civ.App.1980); Coffelt v. Coffelt, 390 So.2d 652 (Ala.Civ.App.1980). A division of property does not have to be equal, but must be equitable and graduated according to the nature of the case. Parker v. Parker, 392 So.2d 229 (Ala.Civ.App.1980); Lindsey v. Lindsey, 361 So.2d 601 (Ala.Civ.App.1978); Pettis v. Pettis, 334 So.2d 913 (Ala. Civ.App.1976). We will not set out the evidence as to the value of the properties awarded each nor the amounts of the indebtedness thereon. It would serve no useful purpose in this case. We do make pertinent observations. By the wife’s own figures, she received more than one-third of the total appraised value of the marital property. We note that the husband is left with the major portion of the couple’s indebtedness. A large share of the income-producing property that he received is held jointly with third parties and is related to his medical career. Its primary value thus far has been as a tax shelter. The husband was ordered to pay all court costs including the costs of the court-ordered appraisals and an attorney’s fee for the wife of $17,-500. There is no evidence as to existence of any cash assets available from which gross alimony could be paid. Certain stock has been previously sold with a substantial sum deposited in the wife’s bank account.
We deem it sufficient to say that the judgment as to the award of alimony and child support and division of property is not so far from substantial support in the evidence as to be determined arbitrary and unjust and thus an abuse of discretion. Miller v. Miller, 361 So.2d 577 (Ala.Civ.App.1978). It hardly can be said that the provision for periodic alimony and child support in the amount of $3,750 per month with all the additional benefits to the wife and children at the expense of the husband is unreasonable. Such provision remains subject to change if such need develops in the case.
Appellant submits that the trial court erred in granting “joint custody” of the parties’ five children since there is no such legal term in this state. Though we do not find mention of that particular terminology in the trial court’s final amended decree, we hold that such a custody provision is not a palpable abuse of discretion. It is a relatively new concept, but is not unknown to the courts of this state. See Kilgore v. Kilgore, 54 Ala.App. 336, 308 So.2d 249 (1975). Specific periods of visitation are also within the trial court’s discretion, Crane v. Crane, 392 So.2d 242 (Ala.Civ.App.1980). We find no abuse.
The final issue is whether the trial court committed reversible, prejudicial error in its allowance or receipt of an appraisal submitted by the husband’s attorney without proper notice or service to the wife. We find that if the court erred in this respect, the error was without apparent substantial injury under Rule 61, A.R.C.P. See Poston v. Gaddis, 372 So.2d 1099 (Ala.1979). There was sufficient evidence to support the judgment without regard to such appraisal. There appears to be some question as to whether such matter was filed until after the judgment was rendered. We take note that the husband’s attorney reserved the right to present argument after receipt of the court-ordered appraisals and to offer evidence on the property mortgages. No objection to this reservation was made by the wife’s attorney, and in fact, the wife’s attorney could have entered the same reservation. We find no substantial injury to the wife.
The respective request of each of the parties for an award of attorney fees on appeal is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.