This is a divorce case.
After an ore tenus hearing the trial court in pertinent part made a division of property, established visitation privileges and failed to award periodic alimony. The wife then filed a motion to amend pursuant to rule 59, A.R.Civ.P. in order to amend that judgment as it pertained to the aforesaid actions. The motion was denied by the trial court and the wife appeals. We find no reversible error and affirm.
We do not deem it necessary nor prudent to set out in detail the facts of the instant appeal. Pertinent facts will be discussed as they relate to the issues presented.
 I
The wife, through able and distinguished counsel, first contends that the trial court erred in requiring certain personal property to be sold at public auction with the proceeds to be divided equally.
In divorce actions, division of property is a matter for the discretion of the trial court and will not be disturbed on appeal except upon a showing of palpable abuse. Harris v.Harris, 390 So.2d 293 (Ala.Civ.App. 1980); Marks v. Marks,365 So.2d 1231 (Ala.Civ.App. 1979). The trial court also has the power to use any reasonable means to effect just property settlement and just equities between the parties. Furlow v.Furlow, 386 So.2d 747 (Ala.Civ.App.), cert. denied,386 So.2d 749 (Ala. 1980).
A review of the record reveals sufficient evidence to support the trial court's property division.
The trial court awarded the wife and husband their separate estates consisting of various personal effects. The remaining household goods and appliances were to be sold at public auction and the proceeds divided equally between husband and wife. There was little evidence presented at trial as to the value of those items nor as to how they were acquired. There was also evidence in the record from which it could be inferred that the wife would have no immediate use for many of *Page 801 
the items. We also note that either party is free to bid on any of the items at the auction.
Under these circumstances, we find that the trial court did not abuse its discretion in the property division.
 II
The wife next urges error in the trial court's action regarding visitation. Under the terms of the decree, the wife was awarded primary custody of the parties' children with the husband receiving visitation privileges for ten weeks during the summer, seven days during Christmas holidays, one week during the spring, twenty extra days, and alternate weekends the rest of the year. The paternal grandparents of the children were awarded visitation twenty days a year as intervenors in the divorce proceedings.
Specifically, the wife contends that the trial court abused its discretion in providing far too much time for the husband and grandparents and in not allowing visitation by the wife during the ten weeks in the summer when the husband has the children. We note that the wife does not complain about the grandparents having visitation, just the amount and manner of visitation.
The trial court has broad discretion in its judgment concerning visitation rights. Hall v. Hall, 391 So.2d 122
(Ala.Civ.App. 1980); Allen v. Allen, 385 So.2d 1323
(Ala.Civ.App. 1980).
We have carefully reviewed the record and we cannot say that the evidence shows the trial court's judgment to be plainly and palpably wrong. We also note that when questioned, the wife testified that if she were awarded custody, her husband should see the children as often as possible. It is quite evident from the record that this matter was given considerable emphasis.
Regarding the wife's right to visitation during the ten weeks of summer when the husband has custody, we find nothing in the decree that would specifically prevent her from "visiting" the children during that time. Both parties should be mindful of the "best interest of the children." In any event, in view of all the circumstances we find no reversible error regarding this aspect.
The wife contends specifically that the trial court abused its discretion in granting the father alternate weekend visitation from 6:00 p.m. Friday to 6:00 p.m. Sunday. The husband and wife now, and at the time of divorce, live over 350 miles apart. This point was brought up repeatedly during the course of the trial. The wife contends that this works a hardship on her and the children in that they do not arrive back home until 3:30 a.m. Monday.
It is readily apparent that due to the distance involved some problems may arise concerning this aspect of visitation. However, this court cannot say at this time that there was such an abuse of discretion as to require reversal. To do so would be to substitute our judgment for that of the trial court's.Sutton v. Sutton, 55 Ala.Civ.App. 254, 314 So.2d 707 (1975).
Hopefully, if problems arise the parties will reach an accommodation in the best interests of the children. It may well be that time will prove this aspect of the decree to be unreasonable.
We note that when the visitation aspects are viewed in toto the trial court, in effect, granted "joint custody." Our Presiding Judge Wright noted in Hudson v. Hudson, 414 So.2d 96
(Ala.Civ.App. 1982) and cases cited therein, such a concept is recognized in Alabama.
 III
The wife's final contention is that the trial court abused its discretion in failing to award periodic alimony.
The awarding of alimony, along with division of property, is a matter within the sound discretion of the trial court and will not be reversed on appeal except for palpable abuse. Marrv. Marr, 383 So.2d 194 (Ala.Civ.App. 1980); Smythe v. Smythe,376 So.2d 1101 (Ala.Civ.App. 1979). *Page 802 
We do not find that the trial court abused its discretion in failing to award periodic alimony. The record reveals that the wife is currently employed, earning approximately $12,000 annually; that she is living rent free at her mother's house; that she had accumulated considerable savings in her separate estate; and that she will receive one-half of the proceeds of the sale of the household goods.
For the above stated reasons this case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
 ON REHEARING