HOLMES, Judge.
This is a child custody case.
The trial court divorced the parties and entered in pertinent part the following order regarding the parties’ now approximately three-year-old child.
“That the care, custody and control of the minor child of the parties, namely: Steve Jessie Emmons, Jr., is hereby awarded jointly to the Plaintiff and Defendant who shall alternate custody as follows: The Plaintiff and Defendant shall alternate the care, custody and control 'of the minor child every six (6) weeks.... The Defendant shall have the right to have said minor child visit with him at his home every other weekend, during the Plaintiff’s custody period, from Friday until Sunday.... The Plaintiff shall have the right to have said minor child visit with her at her home every other weekend, during the Defendant’s custody period, from Friday until Sunday.”
The mother, through able counsel who has favored this court with an excellent brief, appeals contending that the trial court erred to reversal in its award of custody. We find no error and affirm.
This court recognizes a form of “joint or split” custody in Kilgore v. Kilgore, 54 Ala.App. 336, 308 So.2d 249 (1975). In Kilgore, the following is found which is appropriate and dispositive.
“[I]t is also a generally accepted proposition that each child custody case is to be *149 decided on its own peculiar facts and circumstances. Sneed v. Sneed, 248 Ala. 88, 26 So.2d 561. And, the trial court’s judgment in these matters will not be overturned unless it is plainly and palpably wrong, for much discretion is reposed in the trial court for the settlement of lengths of custody in each parent when that custody is divided between the parents, and visitation rights. Whiteport v. Whiteport, 283 Ala. 704, 220 So.2d 891.”
Id. at 252. See also Ala.Digest, Divorce, Key No. 296.
In the instant case, evidence which supports the trial court’s action is as follows: The child is only approximately three years old (non-school age); both parents appear to be fit and loving parents; neither party must travel a great distance (approximately thirty-five miles) to obtain physical custody; each party resided with his or her respective parents and the grandparents’ homes were “proper” homes for the child to reside in, and furthermore, a prior temporary order providing for a form of joint custody or split custody appears, by the mother’s own testimony, to have worked out well.
In view of the above, for this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit. Allen v. Allen, 385 So.2d 1323 (Ala.Civ.App.1980). We should not be understood as finding that under different facts the instant order would be proper. Of particular note, in this instance, .is the fact that the child is very young. As counsel for the father stated to the trial court, a different result might be appropriate when the child reaches school age.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.