This case involves a petition to modify an award of custody.
The parties, Mr. Thomas Eddie Hayes (husband), and Mrs. Mildred E. Hayes (Norris) (wife), were divorced on August 24, 1977. The wife was awarded custody of the couple's minor daughter.
Although there has been a multiplicity of litigation between the parties since their divorce, we are concerned in this case only with husband's petition for modification of the divorce decree filed on August 22, 1986.
In his petition the husband alleged that there had been a material change in the circumstances surrounding the child's custody, and that the best interests of the couple's daughter would be served by granting him custody. In her answer and counterclaim the wife alleged that the circumstances surrounding custody had not changed and that the husband's petition to modify the divorce decree, which was the sixth such attempt to modify custody, was nothing more than a thinly veiled harassment technique perpetrated to deplete her meager financial resources.
After hearing the evidence the trial court ruled that there had not been a material change in the circumstances since the last custody decree which actually affected custody of the child. Brown v. Brown, 477 So.2d 454 (Ala.Civ.App. 1985). The trial court, therefore, refused to modify the decree with respect to custody.
From this judgment the husband now appeals and alleges that the trial court erred in refusing to transfer custody of the minor daughter to him and in failing to recognize that there had been a substantial change in the circumstances since the last decree which affected custody. The husband also contends that the trial court erred in failing to recognize that the best interests of the child would be served by transferring custody to him and that the benefits of such a change in custody outweighed the disruptive effect. See, Ex parteMcLendon, 455 So.2d 863 (Ala. 1984). Finally, the husband asserts that the trial court erred in refusing to consider the child's preferences as dispositive of the issue of custody.
At this point we note that a trial court has broad discretion both in awarding child custody and establishing visitation, and its judgment will not be disturbed absent abuse of discretion.See, Kilgore v. Kilgore, 54 Ala. App. 336, 308 So.2d 249
(Ala.Civ.App. 1975). Therefore, notwithstanding the issues raised in the husband's brief, the dispositive issue in this case concerns whether the findings of the trial court are so unsupported by the evidence as to constitute *Page 121 
an abuse of discretion. See, Kilgore v. Kilgore, supra.
As previously noted, the husband argues that the trial court erred in failing to determine that the circumstances surrounding the wife's custody of the minor daughter had changed. Having thoroughly reviewed the record, we believe that the trial court's findings, that circumstances surrounding the wife's custody are unchanged and that the benefits of a transfer of custody do not outweigh the disruptive effect, are supported by the evidence. See, Ex parte McLendon, supra. Thus, we must affirm the judgment of the trial court.
The husband also asserts that the trial court should have granted him custody because the eleven year old child wanted to live with him. We note, however, that the wish of a child to be with one parent rather than another is not compelling, but, rather, is only one factor to be considered by the trial court.See, Foster v. Foster, 454 So.2d 1028 (Ala.Civ.App. 1984). In view of the fact that the evidence reveals that both parents love and deeply care for the child, we are unable to say that the trial court erred in refusing to base its decision totally upon the preference of the minor child.
For the foregoing reasons we must affirm the judgment of the trial court with respect to its refusal to modify the divorce decree to grant the husband custody of the minor child.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.