ROBERTSON, Judge.
This is an appeal from the denial of a motion to set aside a final judgment of divorce.
Margaret Ann Loera (wife) was divorced from Jesus L. Loera (husband) on October 14, 1988. The wife instituted the divorce proceeding, which was uncontested by the husband. The wife was represented by counsel, but the husband was not. Documents dated October 14, 1988, constituting an answer and waiver, and an acknowl-edgement of representation, were signed by the husband and submitted to the court. Notarized testimony signed by the wife and an agreement signed by both parties were also submitted to the court. After submission and being checked by the trial judge, a final judgment of divorce was signed which adopted the agreement of the parties.
The husband subsequently retained counsel and on November 14, 1988, filed a motion to set aside the judgment. A hearing was requested and scheduled. On the date of the hearing, the judge requested and heard the attorneys’ respective arguments on the motion without taking any testimony. The motion was denied and husband appeals.
The only issue husband raises on appeal is whether the trial judge afforded the husband an opportunity to be heard pursuant to Rule 59(g), Alabama Rules of Civil Procedure, on his motion to set aside the final judgment.
Rule 59(g), A.R.Civ.P., requires that a post-trial motion not be ruled upon until the parties have been given an opportunity to be heard thereon. Steel v. Steel, 402 So.2d 1036 (Ala.Civ.App.1981). Implicit in our interpretation of this rule is the. requirement that the party request of the court a hearing on its post-trial motion should the court not set the motion for hearing. In the Matter of Weaver, 451 So.2d 350 (Ala.Civ.App.1984). At a post-trial hearing the facts may be presented by affidavits, or the court, in the exercise of its discretion, may receive oral testimony or depositions. Rule 43(e), A.R.Civ.P., Frederick v. Strickland, 386 So.2d 1150 (Ala.Civ.App.1980).
In the case at bar, a request for hearing was made by the husband, and the motion was duly set before the court. The attorneys for both parties presented argument to the court which included what evidence appellant was prepared to present and the procedures followed in effectuating *129 the uncontested divorce. This afforded the husband an opportunity to be heard on his motion pursuant to Rule 59(g), A.R.Civ.P.
No other issue being presented to this court for review, this ease is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.