ROBERTSON, Judge.
This is a divorce case.
The husband filed for divorce, and the wife answered the complaint and later counterclaimed for divorce. The case was submitted on the pleadings and testimony taken by deposition, and the trial judge entered a judgment of divorce and specifically reserved rulings as to custody, support, and property division. The trial court later held an ore tenus proceeding on the issues of custody, support, and property division, and requested the respective counsel for the parties to submit proposed decrees for consideration. Husband’s counsel responded, but wife’s counsel did not before the trial court entered a final judgment which ordered custody, child support, and property division, and made other miscellaneous provisions.
The wife immediately filed a Rule 59, Alabama Rules of Civil Procedure, motion to amend or vacate the judgment, alleging certain inequities, including failure to provide for the minor child’s college education, the wife’s medical bills, and alimony. This motion was granted.
The trial court, after more motions and proceedings, ordered the husband to pay the sum of $250, per month as periodic alimony. After the husband’s motion to amend was denied, he filed notice of appeal. That appeal was dismissed by this court on October 11, 1989, because there was no final order to support an appeal. On November 1, 1989, the trial court nunc pro tunc, made final the order divorcing the parties, and the order relating to custody, support, and the property division. The parties filed a joint motion to have the appeal reinstated, which this court granted on February 1,1990. Accordingly, our previous opinion of October 11, 1989, is hereby withdrawn, and this opinion substituted.
The case history is complex and protracted, extending over three years. The issues the husband raises on appeal are: (1) Did the trial court abuse its discretion in granting the wife’s Rule 59 motion? (2) Did the trial court abuse its discretion in awarding periodic alimony to the wife?
The husband contends that the trial court erred in granting the Rule 59 motion *1089 without affording him an opportunity to be heard. He asserts that Rule 59(g), A.R. Civ.P., requires a trial court to allow the parties an opportunity to be heard on a post-trial motion before it can rule.
While the record does not reflect whether a hearing was held or not, neither does the record reflect that the husband made a timely objection to the court’s failure to grant such a hearing. Not having timely objected, the husband waived any error of the trial court’s granting of the Rule 59 motion without a hearing. Kilgore v. Kilgore, 54 Ala.App. 336, 308 So.2d 249 (Ala.Civ.App.1975).
The husband next contends that the trial court erred in awarding periodic alimony to the wife. He argues that the wife is actively employed and adequately educated to maintain and support herself. He argues that he is unable to meet his monthly obligations and that the trial court failed to properly consider such factors in its award of periodic alimony to the wife.
It is well established that the determination of periodic alimony lies within the discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985). Additionally, when the trial court receives ore tenus evidence, a presumption of correctness attaches to the judgment, and it will be affirmed when supported by competent evidence. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988).
There was extensive testimony regarding the financial conditions of the parties, including the financial obligations and earning abilities of each. The record reveals ample evidence to support the award of periodic alimony to the wife.
Accordingly, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.