OPINION
MORAN, C.J.
This appeal is taken from a judgment and order of the trial court evicting appellant and ordering her to pay damages to plaintiff. Plaintiff, Salish and Kootenai Housing Authority is a tribal organization and Defendant, Tricia Finley is a member of the Confederated Salish and Kootenai Tribes. The Judgment and Order is affirmed consistent with the rule set by this opinion.
BACKGROUND
On June 28, 2002, Plaintiff filed its Complaint for Eviction and Damages alleging Defendant broke the dwelling lease in effect between the parties. The complaint and summons was served on Defendant on July 2, 2002. The Summons provided for a responsive or defensive pleading within 14 working days following service of process. On August 5, 2002, defendant filed her Motion to Dismiss the action for failing to state a cause upon which relief may be granted. Later, that same day, August 5, 2002, Plaintiff filed its Motion for Default Hearing, alleging, “the defendant has neither answered nor defended the above-entitled matter”. (Page 1 of Motion for Default Hearing), On August 12, 2002, the trial court entered its order setting a Default Judgment hearing for August 30, 2002. That hearing was held with the attorney for the defendant present, but the Defendant did not appear in person. The court, after inquiry (trial trans. Pg 7, Ln. 14) as to the defendant’s absence from the hearing, proceeded with the Default Judgment hearing and entered its Judgment and Order in favor of Plaintiff on September 30, 2002. The Defendant appeals from that Judgment and order. No cross appeal was filed.
Appellant has asked this Court to answer: “Is Default Judgment properly en *21 tered against a Defendant who, having been duly served with process, files a motion to dismiss prior to the filing of a request for entry of default by the Plaintiff, but beyond the fourteen days provided for in Rule 10 of the Confederated Salish and Kootenai Tribal Court Rules of Practice (hereinafter cited as “CSKT Rules of Practice”)? The Appellee asked virtually the same question and further asks the Court: “Does a defendant “appear” at a hearing if she is not present and has not authorized or directed an attorney to appear on her behalf? Since appellee has not cross-appealed and has only presented this issue in its responsive brief, the court will not decide the matter.
DISCUSSION:
Default judgments are not favored by Courts in the majority of jurisdictions where latitude may be extended to bring all parties together in the controlled environment of the courtroom. They are a departure from what is most favored by courts and that is to glean relevant and material evidence from the litigants under that controlled environment thereby enabling the court to decide the matter on its merits. Default judgments have been, however, historically a tool used to enforce nonparticipating or non compliant litigants into diligently prosecuting their causes of action, thereby avoiding undue delay. Default judgments are also used at the discretion of the judge, to penalize litigants who may not follow the court’s orders. Civil Procedure, Hornbook senes, Fried-enthal, Jack //;, Kane, Mary Kay; Miller, Arthur R. Chapter 9, Section 94, The Entry of Default and, Default Judgment, page 444- The trial court is often faced with issuing orders to facilitate court efficiency and fairness to litigants. It is a discretionary function of the court to grant motions to dismiss. The Confederated Salish and Kootenai Tribe’s Rules of Practice provides as follows:
“Rule 10, Pleading in Civil Actions. Except as provided in Section 4-2-601, and following, there shall be a complaint and an answer, and other pleadings deemed necessary. A defendant shall file an answer within 14 days of receiving service of the complaint and summons unless the time is extended in the discretion of the court.”
The standard of review for rulings that are within the discretion of the trial judge will be reviewed under an abuse of discretion standard. Saunderson v. Saunderson, 379 So.2d 91 (Ala.Civ.App.1980), Keeth Gas Co. v. Jackson Creek Cattle Co., 91 N.M. 87, 570 P.2d 918 (1977); Primm v. Primm, 46 Cal.2d 690, 299 P.2d 231 (1956).
It is a generally accepted rule of appellate review that the Appeal Court will not intrude upon the province of the trial court and will only overturn a trial judge’s decisions if is convinced that the trial court was clearly wrong in exercising its discretionary function. Appeals courts tread lightly when it comes to reversing trial courts in this area particularly since trial judges are in the best position to decide matters concerning control of cases on their calendars.
Appellant here argues that the court erred when it denied defendant’s Motion to Dismiss after the initial response period had run and then set the matter for a default judgment hearing. Appellant’s argument is based upon her reading of CSKT’s Rules of Practice, Rule 14(2).
“Motions to Dismiss a Civil Action for Failure lo State a Claim. Ff not supported by a brief within 5 days of filing, a motion to dismiss a civil action for failure to state a claim upon which relief may be granted shall be summarily de *22 nied and an additional 14 days granted in which to further plead.”
Appellant argues the inconsistency of CSKT Rules (10) and (14) and asks this court to clarify the effect of these inconsistencies on her defense to her claim. Appellant has cited this Court to holdings in other jurisdictions which allow the use of this aberration of the intended use of rules of civil procedure to gain an extension of time to answer a complaint where the intended use of these civil procedure rules would fail. This Court recognizes that though this means of obtaining an extension of time is sometimes an accepted practice in both Federal and State courts which allows litigants to utilize this tool to acquire an extension of time to respond to or answer a complaint, these holdings do not persuade this Court where the Tribal Council has, we hold, clearly set a time for the answer of a complaint and provides the effect of not timely briefing a motion. To hold otherwise would create a rule of civil procedure where the Tribal Council did not intend one to be. The intent of both CSKT’s Rules of Practice (10) and (14) providing for due process and fairness in litigation. Any unintended application of these rules defeat the clear and concise nature intended by the drafters. Appellee is correct that these two rules can be read together to complement each other.
We hold as follows: If a defendant files a motion to dismiss within the time prescribed by these rules and stated within the summons, and subsequently fails to brief that motion to dismiss, then the court shall deny the motion and defendant shall be afforded an additional 14 days in which to further plead. If however, the defendant files a motion to dismiss after the time set to respond Or answer runs, then the Court in its discretion may summarily deny the motion and enter its default and go to a default judgment hearing. We do not want to be misunderstood as holding that an opposing attorney may not grant an opponent a reasonable time extension to plead. In the instant cause of action the Defendants conduct falls within that conduct that serves as only an obstacle to judicial economy and efficiency. The Plaintiff below had provided notice to the Plaintiff and provided a sum certain for the amount of damages requested in their complaint. Delay in this instance served the Defendant and prejudiced the Plaintiff. A dwelling was sought to be reclaimed by Plaintiff and through no fault of the Plaintiff, the matter languished on the court calendar without participation from the defendant, even though she received adequate due process. Her conduct lacked the due diligence criteria required of litigants in pursuing resolution to their case in court. She therefore triggered the trial judge’s motivation to exercise the inherent power of courts to control their own administrative matters and enter a default judgment where the record shows inactivity or where the activity is one of mere delay.
We affirm the tribal trial court.